John C. Hueston
jhueston@hueston.com
Marshall A. Camp
mcamp@hueston.com
Bram M. Alden
balden@hueston.com
Stewart J. Rickert
srickert@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640
Facsimile: (888) 866-4825

*Attorneys for Defendants Jacob Emrani and*
*The Law Offices of Jacob Emrani*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOWNTOWN LA LAW GROUP; IGOR FRADKIN; THE LAW OFFICES OF JACOB EMRANI; JACOB EMRANI; VALLEY ORTHOPEDIC AND SPINE CENTER D/B/A GSK SPINE; and GREG KHOUNGANIAN, <br><br> Defendants. | Case No. 2:25-cv-06612-SPG-PD <br><br> Hearing Date: April 29, 2026 at 1:30 p.m. <br><br> **JACOB EMRANI'S AND THE LAW OFFICE OF JACOB EMRANI'S NOTICE OF MOTION AND MOTION TO BE DEEMED PREVAILING PARTIES FOR THE PURPOSE OF SEEKING ATTORNEY'S FEES AND COSTS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** |

JACOB EMRANI AND HIS LAW OFFICE'S MOTION TO BE DEEMED ANTI-SLAPP PREVAILING PARTIES

**TO THE COURT, PARTIES, AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT on April 29, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Sherilyn Peace Garnett, Defendants Jacob Emrani and The Law Offices of Jacob Emrani (the "Emrani Defendants"), by and through their counsel, will and hereby do move for an order deeming them to be prevailing parties so that they may file a separate motion for their attorney's fees and costs under California Code of Civil Procedure § 425.16(c)(1). *See, e.g.*, *DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, 2025 WL 3050090, at *1, 11 (C.D. Cal. Sept. 15, 2025) (granting motion to be deemed anti-SLAPP prevailing party and authorizing separate motion for fees).

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Stewart J. Rickert ("Rickert Decl.") filed concurrently herewith, all pleadings and papers filed in this action, and any such other matters as may be presented to the Court.

These motions are made following the conference of counsel pursuant to Local Rule 7-3. The parties met and conferred via videoconference on January 16, 2026, and were unable to reach a resolution. Rickert Decl. ¶ 2.

Dated:  January 23, 2026

HUESTON HENNIGAN LLP

By: _____
John C. Hueston
Marshall A. Camp
Bram M. Alden
Stewart J. Rickert

*Attorneys for Defendants Jacob Emrani and The Law Offices of Jacob Emrani*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

As part of its retaliatory campaign against lawyers who represent its injury victims, Plaintiff Uber Technologies, Inc.'s initial complaint in this case included state-law causes of action alleging unjust enrichment and violations of California's Business & Professions Code.  After Defendants Jacob Emrani and the Law Offices of Jacob Emrani (Emrani's "Firm"), among others, moved to strike the state claims for violating California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, Uber amended its complaint to drop those claims.

Uber's voluntary dismissal of its state-law claims triggers a presumption that Emrani and his Firm are prevailing parties for anti-SLAPP purposes.  *Monteleone v. Goldberg*, 2025 WL 3773035, at *2 (C.D. Cal. Dec. 16, 2025); *Alvarez v. Los Angeles County*, 2025 WL 3552742, at *2 (C.D. Cal. Dec. 11, 2025); *DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, 2025 WL 3050090, at *10 (C.D. Cal. Sept. 15, 2025); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998).  And Uber cannot overcome that presumption because the only rational explanation for its abandonment of its state-law causes of action is its hope to evade liability for Emrani and his Firm's attorney's fees under the fee shifting provision for prevailing anti-SLAPP claims, Cal. Civ. Proc. Code § 425.16(c)(1).  That stratagem does not work: "A plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which a SLAPP motion is directed."  *ARP Pharma. Servs., Inc. v. Gallagher Bassett Servs., Inc.*, 138 Cal. App. 4th 1307, 1323 (2006).  Accordingly, Emrani and his Firm are "entitled" to recover their attorney's fees and costs incurred in connection with litigating their anti-SLAPP motion and any related fee request.  Cal. Civ. Proc. Code § 425.16(c); *Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011); *569 E. County Blvd. LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (2016).  The Court should deem Emrani and his Firm to be "prevailing" parties, Cal. Civ.

- 1 -

Proc. Code § 425.16(c), so that they can file a separate motion with evidence of their reasonable fees and costs. *See, e.g.*, *DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, 2025 WL 3050090, at *1, 11 (C.D. Cal. Sept. 15, 2025) (granting motion to be deemed anti-SLAPP prevailing party and authorizing separate motion for fees); *Orian v. Fed'n Int'l des Droits de L'Homme*, 2011 WL 13220921, at *1, 4 (C.D. Cal. Dec. 13, 2011) (deeming defendants to be anti-SLAPP prevailing parties and permitting them to file a separate motion for fees and costs).

## II.    PROCEDURAL BACKGROUND

Uber filed this lawsuit on July 21, 2025 as part of its nationwide campaign to retaliate against its litigation adversaries and shut the courthouse doors to injury victims and their attorneys.  *See* Dkt. No. 1 ("Compl.").  In addition to meritless federal RICO claims, the initial complaint included two California state-law causes of action: one for "Unjust Enrichment" (Sixth Cause of Action) and another for "Violation of Business & Professions Code section 17200, *et seq.*" (Seventh Cause of Action).  Compl. ¶¶ 199–209.  Both of those causes of action were alleged against all defendants, including Emrani and his Firm.  *Id.*

Two months later, on September 29, 2025, counsel for Emrani and his Firm informed Uber's counsel that they intended to move to strike the California causes of action under the anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  *See* Dkt. No. 58 (stipulation) at 1.  Ten days after that, on October 9, 2025, counsel for Emrani and his Firm again informed Uber of their intention to file an anti-SLAPP motion.  *Id.* Uber waited a month, until November 7, 2025, before telling Emrani and his Firm that it intended to drop its California causes of action when it amended its Complaint. *Id.*  That was one week before the deadline for Emrani and his Firm to file their motions to dismiss and strike.  *See* Dkt. No. 57 at 1 (order setting deadline).

Uber's state-law claims remained pending when, on November 14, 2025, Emrani and his Firm filed their motions to dismiss and strike, along with a consolidated memorandum of points and authorities in support of both motions.  Dkt.

No. 65 ("Consol. Mot."). The first argument in Emrani and his Firm's brief was that Uber's state-law claims should be stricken under California's anti-SLAPP law. *Id.* at 2-3, 12-13, 15-18.

To prepare their anti-SLAPP arguments, counsel for Emrani and his Firm did substantial work that spanned five months and included:

(1) reviewing and analyzing the Complaint;

(2) analyzing California's anti-SLAPP statute and analogous state laws;

(3) researching and reviewing state caselaw involving anti-SLAPP motions;

(4) researching and reviewing federal caselaw involving anti-SLAPP motions, including substantive applicability of state anti-SLAPP laws in federal court, procedural requirements and limitations, and appellate rights; and

(5) drafting, revising, and editing anti-SLAPP arguments.

*See* Rickert Decl. ¶¶ 4-5.

A month later, on December 19, 2025, Uber filed its Amended Complaint. Dkt. No. 77. The Amended Complaint contains no state-law claims; Uber dropped both of the California causes of action it initially alleged. *Id.*

## III.   ARGUMENT[1]

California's prohibition on strategic lawsuits against public participation is designed to prevent actions "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). "Using litigation to scare off or punish [a] lawyer can deter the petitioning right" and thus falls "within the heartland of the anti-SLAPP statute." *Ramirez v. McCormack*, 113 Cal. App. 5th 493, 500 (2025). Suing a lawyer and his law office for "considering, filing, or furthering litigation" is plainly "foreclosed by California's anti-SLAPP Statute." *Engineer.ai Corp. v. Kaufman*,

---

[1] Emrani and his Firm join all of the arguments advanced by Greg Khounganian and Radiance Surgery Center as support for finding "prevailing defendant" status under Cal. Civ. Proc. Code § 425.15(c)(1).

JACOB EMRANI AND HIS LAW OFFICE'S MOTION TO BE DEEMED ANTI-SLAPP PREVAILING PARTIES

2022 WL 4596575, at *10 (C.D. Cal. Sept. 9, 2022).  Yet that is exactly what Uber is doing in this case.

California's anti-SLAPP statute, including "the attorney's fee provision of § 425.16(c)," applies to state-law claims in federal court.  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018); *see also Gopher Media*, 154 F.4th at 699 n.2 (declining to reconsider circuit precedent on this score); *Dickinson v. Golden Rain Found. of Laguna Woods*, 2023 WL 2573863, at *2-3 (C.D. Cal. Mar. 17, 2023) ("there is long-standing authority in the Ninth Circuit for the application of California's anti-SLAPP law in federal court").  A defendant who prevails on an anti-SLAPP motion "shall be entitled to recover that defendant's attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16(c)(1); *see also Khai v. Los Angeles*, 730 F. App'x 408, 411 (9th Cir. 2018) ("Attorney's fees are mandatory for a successful anti-SLAPP motion.").  In addition to the "fees incurred to litigate the special motion to strike (the merits fees)," a successful defendant is entitled to "the fees incurred in connection with litigating the fee award itself (the fees on fees)." *569 E. County Blvd.*, 6 Cal. App. 5th at 433.

Plaintiffs are not permitted to evade the anti-SLAPP fee-shifting provisions by dismissing their state claims when confronted with an anti-SLAPP motion.  *ARP Pharma.*, 138 Cal. App. at 1323.  Nor is there any distinction between dismissing a cause of action and amending a complaint to drop the cause of action.  *Id.*  Either stratagem would work the same "mischief," permitting the plaintiff to achieve its "goal of delay and distraction and running up the costs of his opponent," thereby "depleting the defendant's energy and draining his or her resources."  *Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th 1049, 1055 (2004).  Those are precisely the sorts of harms the anti-SLAPP statute is designed to prevent.  *Id.* at 1056.  If plaintiffs could simply dismiss claims to avoid fee-shifting, they would be able to chill First Amendment rights, "but the defendant would be cheated of redress."  *Coltrain*, 66 Cal. App. 4th at 107.  These are "settled" principles

- 4 -

that judges in this district apply routinely and have been applying for decades. *DBEST*, 2025 WL 3050090, at *10; *see, e.g.*, *Monteleone*, 2025 WL 3773035, at *2; *Alvarez*, 2025 WL 3552742, at *2; *Gilabert v. Logue*, 2013 WL 6804663, at *2 (C.D. Cal. Dec. 20, 2013); *Fintland v. Luxury Marine Grp., LLC*, 2010 WL 758543, at *1 n.1 (C.D. Cal. Mar. 1, 2010); *eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1084-85 (C.D. Cal. 2000).

To safeguard against the staged maneuver in which a plaintiff files claims in retaliation for the defendant's exercise of First Amendment rights and then abandons those claims to avoid the imposition of penalties, the abandonment triggers a "presumption . . . that defendants were the prevailing parties." *Coltrain*, 66 Cal. App. 4th at 107. That presumption can be overcome only if the plaintiff shows that "it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." *Id.*

Applying those principles, Emrani and his Firm are prevailing parties and should be entitled to recover their fees. Uber abandoned its California claims only after Emrani and his Firm twice informed Uber that they would be filing an anti-SLAPP motion and actually filed that motion. There is thus no real doubt that Uber's decision to drop its state-law claims was a deliberate effort to avoid the legal consequence of its anti-SLAPP violation—payment of Emrani and his Firm's attorney's fees. Uber had not achieved any of its goals in this litigation when it dropped its state-law claims, and its selective abandonment of those claims while continuing to pursue its meritless federal claims only proves the point: Uber remains determined to stop its victims and their counsel from petitioning the courts for redress while cheating them of the attorney's fees to which they are entitled under California law. *See id.*

Uber's conduct in other cases confirms the point too. On the multiple other fronts where it is pursuing its nationwide campaign to shut the courthouse doors to

- 5 -

its litigation adversaries, Uber has not faced anti-SLAPP motions and therefore continues to pursue state-law claims. For example, in the Eastern District of New York, where the defendants did not file anti-SLAPP motions, Uber already amended its complaint but is continuing to allege not only RICO claims but also two causes of action under New York law. Dkt. No. 68 (Am. Compl.) ¶¶ 339-47, *Uber Techs., Inc v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP et al.*, No. 1:25-cv-00522 (E.D.N.Y. Jul. 23, 2025). Likewise, in the Southern District of Florida, where Uber has filed another replica RICO suit but has not yet faced any defense motions, its complaint also includes claims under state law. Dkt. No. 1 (Compl.) ¶¶ 221-312, *Uber Techs., Inc. v. Law Grp. of S. Fla. et al.*, No. 1:25-cv-22635-CMA (S.D. Fla. Jun. 11, 2025). And in the Eastern District of Pennsylvania, where Uber has not yet filed an amended complaint, it has similarly alleged "unjust enrichment" on top of its meritless RICO claims. Dkt. No. 1 (Compl.) ¶¶ 199-202, *Uber Techs., Inc. v. Simon & Simon P.C. et al.*, 2:25-cv-05365-MAK (E.D. Pa. Sept. 18, 2025). Only in this case and only when confronted with the prospect of anti-SLAPP fees did Uber abandon its state-law claims. The upshot is clear: Knowing full well that this litigation is designed to chill First Amendment rights, Uber assessed the risk that Emrani and his Firm would succeed in striking the Complaint's state-law claims and jettisoned those claims to avoid the risk of fees. But far from permitting Uber to evade fees, its tactic requires them. *Coltrain*, 66 Cal. App. 4th at 107.

The prevailing party analysis is also unaffected by Uber's decision to continue pursuing its meritless RICO claims against Emrani and his Firm. California law has long held that "[t]he phrase 'prevailing party' should be interpreted broadly to favor an award of attorney fees to a partially successful defendant." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 338 (2006). And courts in this district routinely apply that principle too. *See, e.g.*, *SeeDevice Inc. v. Korean Broad. Sys.*, 2025 WL 2092811, at *2 (C.D. Cal. Jun. 3, 2025); *Woulfe v. Universal City Studios*, 2024 WL 1110914, at *3 (C.D. Cal. Feb. 8, 2024). A defendant's fee award need not

- 6 -

even be "*reduced* because it did not prevail on the whole of its anti-SLAPP motion," *Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570, 572 (9th Cir. 2016) (emphasis added), much less could a court deny a fee award altogether merely because the anti-SLAPP motion did not prevail in its entirety, *see Woulfe*, 2024 WL 1110914, at *3.

Here, however, Emrani and his Firm's anti-SLAPP motion *did* prevail in its entirety. The motion was—and only could have been—targeted at Uber's state-law claims, and both of those claims have now been eliminated. There is thus no doubt that Emrani and his Firm are "prevailing defendant[s]" who "shall be entitled to recover [their] attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1).

## IV.    CONCLUSION

The Court should deem Emrani and his Firm to be prevailing parties under California's anti-SLAPP statute and permit them to file a motion enumerating and evidencing their recoverable fees and costs.

Dated:  January 23, 2026

HUESTON HENNIGAN LLP

By: _____
John C. Hueston
Marshall A. Camp
Bram M. Alden
Stewart J. Rickert

*Attorneys for Defendants Jacob Emrani and The Law Offices of Jacob Emrani*

- 7 -