Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
John S. Lee (SBN 272229)
*jlee@larsonllp.com*
Amelia L.B. Sargent (SBN 280243)
*asargent@larsonllp.com*
Benjamin Falstein (SBN 342867)
*bfalstein@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants GREG KHOUNGANIAN and VALLEY ORTHOPEDIC AND SPINE CENTER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UBER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, VALLEY ORTHOPEDIC AND SPINE CENTER D/B/A GSK SPINE, and GREG KHOUNGANIAN,<br><br>Defendants. | Case No. 2:25-CV-06612<br><br>**DEFENDANT GREG KHOUNGANIAN'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF PREVAILING PARTY PURSUANT TO CAL. CODE CIV. PROC. § 425.16**<br><br>[*Filed concurrently with Declaration of Amelia L.B. Sargent; [Proposed] Order*]<br><br>Date:    April 29, 2026<br>Time:    1:30 p.m.<br>Dept.:   5C |

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S MOTION FOR DETERMINATION OF PREVAILING PARTY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 29, 2026, 1:30 p.m., or as soon after the matter be heard before the Honorable Sherilyn Peace Garnett in Courtroom 5C of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Greg Khounganian ("Dr. Khounganian") will and hereby does move the Court for an order determining that Dr. Khounganian is the prevailing party on his previously-filed Motion to Strike Plaintiff Uber Technologies, Inc.'s State-Law Claims Under Cal. Code Civ. P. § 425.16 and is therefore entitled to an award of his reasonable attorneys' fees and costs.

This motion is based on this notice of motion and motion; the accompanying memorandum of points and authorities; the concurrently-filed motions of Defendants The Law Offices of Jacob Emrani, Jacob Emrani, and Radiance Surgery Center (the "Co-Defendants' Motions"); the concurrently-filed Declaration of Amelia L.B. Sargent; and such further evidence and argument presented to the Court at or before the hearing.

PLEASE TAKE FURTHER NOTICE that Dr. Khounganian hereby joins in the Co-Defendants' Motions because the arguments raised therein apply with equal force to Dr. Khounganian.

This motion is made following the conference of counsel on January 16, 2026 in accordance with Local Rule 7-3, during which the parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference. *See* Decl. of Amelia L.B. Sargent.

///

///

///

LARSON
LOS ANGELES

2

DEFENDANT GREG KHOUNGANIAN'S MOTION FOR DETERMINATION OF PREVAILING PARTY

Dated:  January 23, 2026          LARSON LLP

By:  _/s/ John S. Lee_
      Stephen G. Larson
      John S. Lee
      Amelia L.B. Sargent
      Benjamin Falstein
    Attorneys for Defendant
    GREG KHOUNGANIAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Uber Technologies, Inc. initiated this action as part of a coordinated, nationwide effort to deter litigation adversaries from providing medical treatment and legal representation to personal injury victims harmed by Uber's drivers. California's anti-SLAPP statute was designed to prevent precisely this type of retaliatory lawsuit that aims to chill petitioning activity. Defendant Greg Khounganian accordingly filed an anti-SLAPP motion directed at Uber's two state-law claims. Rather than opposing the motion, Uber promptly abandoned these two claims in an amended pleading.

Uber's abandonment of its state-law claims gives rise to a legal presumption that Dr. Khounganian prevailed on his anti-SLAPP motion. In any event, Dr. Khounganian's anti-SLAPP motion would have prevailed had it been decided on the merits rather than circumvented by Uber's amendment. Under these circumstances, the anti-SLAPP statute entitles Dr. Khounganian to recover his reasonable attorneys' fees and costs. Dr. Khounganian accordingly seeks an order determining him to be the prevailing party on the anti-SLAPP motion, after which Dr. Khounganian will move for an award of the fees and costs incurred in connection with his successful anti-SLAPP motion.

### II.    BACKGROUND

Uber filed this action on July 21, 2025, alleging that Dr. Khounganian and personal injury attorneys conspired to assist patients harmed by Uber drivers litigating personal injury claims against Uber. *See* Dkt. 1 ("Compl."). Uber's original complaint asserted both federal RICO claims and California state-law claims for unjust enrichment and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq* ("UCL"). Compl., ¶¶ 156-209. After filing its complaint, Uber waited 48 days before initiating service on Dr. Khounganian, during which Uber conducted a splashy publicity campaign.

On September 29, 2025, Dr. Khounganian and certain co-defendants informed Uber that they intended to move to strike the California causes of action under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. *See* Dkt. 59 at p. 2. On October 9, 2025, Dr. Khounganian's counsel again informed Uber's counsel via email of his intent to move to strike, while detailing the grounds for the motion. *See* Dkt. 66-1 at ¶ 2. Dr. Khounganian's counsel then met and conferred with Uber's counsel via video conference on October 10, 2025, during which the parties again thoroughly discussed the substance and potential resolution of the motion. *Id.*

Four weeks later, and only one week before Defendants' response date, Uber's counsel informed Defendants' counsel that it intended to drop the two state-law claims that were the communicated subject of Dr. Khounganian's anticipated anti-SLAPP motion. Dkt. 59, p. 2. However, when Defendants offered to stipulate to dismissal of these claims, Uber inexplicably refused. *Id.* As such, since the claims were pled but not dismissed at the time of Dr. Khounganian's response deadline, he was forced to prepare and file a Motion to Strike Uber's State Law Claims Under Cal. Code Civ. Proc. § 425.16 on November 14, 2025. Dkt. 66.

Only after forcing Dr. Khounganian to incur the substantial costs of preparing and filing this motion did Uber then promptly abandon the two state-law claims that were the subject of the anti-SLAPP motion. *See* Dkt. 77. Uber filed an amended complaint on December 19, 2025 that asserted only federal RICO claims, and otherwise dropped the two state-law claims.

## III.    ARGUMENT[1]

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

---

[1] Dr. Khounganian joins in the arguments raised by Defendant Jacob Emrani and his Law Office, as well as those raised by Radiance Surgery Center, in their respective anti-SLAPP fee-related motions.

Cal. Civ. Proc. Code § 425.16(c).  "[I]t is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory."  *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008).  "The California anti-SLAPP statute should be applied in federal court as it is in state court."  *Metabolife Int'l., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002).  This includes "the attorney's fee provision of § 425.16(c)."  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

"The term 'prevailing party' must be interpreted broadly to favor an award of attorney fees"—even "to a partially successful defendant.'"  *Lin v. City of Pleasanton*, 176 Cal.App.4th 408, 425 (2009).  "This rule reflects 'the express legislative preference for awarding fees to successful anti-SLAPP defendants.'"  *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914, at *3 (C.D. Cal. Feb. 8, 2024) (citation omitted).

### A.    <u>Dr. Khounganian Should Be Deemed the Prevailing Party on His Anti-SLAPP Motion</u>

Uber cannot circumvent the fee-shifting provisions under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16(c)(1), simply by amending its complaint to remove the offending claims.  *See Pfeiffer Venice Properties v. Bernard*, 101 Cal.App.4th 211, 218 (2002) ("[A] defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees ... even if the matter has been dismissed prior to the hearing on that motion");  *Wilkerson v. Sullivan*, 99 Cal.App.4th 443, 446 (2002) ("Where a plaintiff dismisses an action while an anti-SLAPP motion is pending, the defendant may nonetheless be entitled to recover attorney fees");  *Plevin v. City and County of San Francisco*, 2011 WL 3240536, *4 (N.D. Cal. July 29, 2011) ("A defendant may be deemed a prevailing party entitled to attorneys' fees, even if a plaintiff voluntarily dismisses the claims that were subject to an anti-SLAPP motion to strike");  *Thornbrough v. Western Placer Unified School District*, 2010 WL 2179917, *11 (E.D. Cal. May 27,

2010) ("Since a defendant who prevails on an anti-SLAPP motion is entitled to recover mandatory attorney's fees, the dismissal of Plaintiff's claims against Girard does not moot Girard's anti-SLAPP motion").

Preserving an anti-SLAPP movant's entitlement to statutory fees is critical to effectuating the core objective of the anti-SLAPP statute, because "[o]therwise, SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike," only to then dismiss the offending claims after already achieving the goal of "chilling [] the defendant's exercise of its First Amendment rights." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106 (1998).  Here, Uber made the strategic decision to force Dr. Khounganian to prepare and file an anti-SLAPP motion before promptly abandoning its state-law claims.  Under these circumstances, the law accords Dr. Khounganian the status of prevailing party as explained below, both as a matter of legal presumption and because Dr. Khounganian's would have succeeded on the merits.

        1.     <u>Uber's Abandonment of Its State-Law Claims Confers a Legal Presumption that Dr. Khounganian Is the Prevailing Party</u>

Federal courts throughout the Ninth Circuit overwhelmingly follow the California Court of Appeal's decision in *Coltrain*, which holds that "[u]pon the [plaintiff's] voluntary dismissal, a presumption [arises] that defendants [are] the prevailing parties."  66 Cal. App. 4th at 107.  The plaintiff may only "dispel this presumption" by providing evidence that it "substantially achieved its goals through . . . other means . . . or for other reasons unrelated to the probability of success on the merits."  *Id.*; *see also Mireskandari v. Mail*, 2014 WL 12561581, at *5 (C.D. Cal. Aug. 4, 2014) ("[U]nder *Coltrain*, a plaintiff's voluntary dismissal gives rise to a presumption that the defendant is the prevailing party.  The plaintiff can seek to overcome the presumption by presenting evidence as to his reasons for dismissal."); *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1043 (S.D. Cal. 2017) ("The Court

agrees with and joins its sister courts in holding that *Coltrain* provides a more pragmatic approach to assessing actions that have been voluntarily dismissed, and thus applies *Coltrain* to the instant anti-SLAPP motion.").

*Coltrain* and its progeny give rise to a necessary presumption here that Dr. Khounganian is the prevailing party on his anti-SLAPP motion. Uber cannot credibly argue that it abandoned its state-law claims—immediately after Dr. Khounganian filed an anti-SLAPP motion against those claims—for any reason other than Uber's belief that Dr. Khounganian's motion would prevail. By abandoning its state-law claims, Uber has not "substantially achieved its goals" apart from a transparent effort to circumvent the attorneys' fees and costs that the anti-SLAPP statute requires. *See Coltrain*, 66 Cal. App. 4th at 107.

Uber's mirror litigation in other jurisdictions against other parties indicates that Uber simply failed to account for California's anti-SLAPP fee-shifting provisions before asserting its baseless state-law claims in this action. Uber has included state-law claims in each of its three other RICO-based lawsuits, in the Eastern District of New York, *Uber Techs., Inc v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP et al.*, No. 1:25-cv-00522 (E.D.N.Y.), the Southern District of Florida, *Uber Techs., Inc. v. Law Grp. of S. Fla. et al.*, No. 1:25-cv-22635-CMA (S.D. Fla.), and the Eastern District of Pennsylvania, *Uber Techs., Inc. v. Simon & Simon P.C. et al.*, 2:25-cv-05365-MAK (E.D. Pa.). Tellingly, in New York, where defendants moved to dismiss but did not file anti-SLAPP motions, Uber amended its complaint and *kept its state law claims intact*.[2] It is thus obvious that Uber's dismissal here was for the specific purpose of circumventing anti-SLAPP fees.

Uber could have obviated Dr. Khounganian's anti-SLAPP motions had it agreed to dismiss its state-law claims *before* the motion was filed. *See S. B. Beach*

---

[2] The Florida and Pennsylvania actions are trailing the New York action procedurally.

*Props. v. Berti*, 39 Cal. 4th 374, 379 (2006) ("As a matter of logic, a defendant must file a special motion to strike in order to prevail on one."). Uber was presented with this specific option and refused it. *See* Dkt. 59 (stipulating that Uber "informed" Dr. Khounganian it would "drop the California causes of action when it amend[ed] its Complaint" but "declined" to dismiss them prior to Dr. Khounganian's response date); *see also* Dkt. 58 (same with respect to Emrani Defendants). This sort of gamesmanship is unavailing, as *Coltrain* provides for a presumption under these circumstances that Dr. Khounganian prevailed on his motion. 66 Cal. App. 4th at 107. Uber cannot rebut that presumption.

Uber's dismissal of its state-law claims in the face of Dr. Khounganian's anti-SLAPP motion substantially advances Dr. Khounganian's—not Uber's—litigation objectives. Both state-law claims sought additional avenues of liability against Dr. Khounganian with legal elements distinct from Uber's federal RICO claims. Through the dismissal of these claims, Dr. Khounganian has successfully avoided further motion practice, discovery or potential liability on these claims. As such, Dr. Khounganian is entitled to a legal presumption that he prevailed on his anti-SLAPP motion. *See id*.

    2.    <u>Regardless, Dr. Khounganian Would Have Prevailed on the Merits of His Anti-SLAPP Motion</u>

While the legal presumption relieves the Court from delving into the merits of the anti-SLAPP motion, if necessary the Court may still consider whether Dr. Khounganian "would have prevailed" on his motion. *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2000). The clear answer is that Dr. Khounganian would have prevailed on the merits. As set forth in his anti-SLAPP motion, which Dr. Khounganian incorporates here, both prongs of the anti-SLAPP analysis were readily satisfied by the motion. Dkt. No. 66.

Under the first step of the analysis, Uber's original complaint expressly acknowledged that its state-law claims were grounded in protected petitioning

LARSON
LOS ANGELES

9

DEFENDANT GREG KHOUNGANIAN'S MOTION FOR DETERMINATION OF PREVAILING PARTY

activity.  *See, e.g.*, Compl. ¶ 8 ("Khounganian accepts referrals from lawyers who have cases against Uber with the understanding that he will perform specific acts to increase the value of their lawsuits."); ¶ 22 ("The scheme creates fraudulent bills and records of medical necessity and/or causation to artificially inflate the damages in lawsuits against Uber."); ¶ 33 ("While unnecessary treatments from various medical providers allow Emrani and Fradkin to increase the value of their lawsuits materially, it is the costly, unnecessary, and/or causally unrelated surgeries recommended and performed by Khounganian that provide the most significant artificial damages enhancement in the scheme."); *see also* Dkt. No. 66 at 22:23-25:8.)  And at the second step, Uber had no probability of prevailing on its state-law claims because: (i) unjust enrichment is not a recognized cause of action, (ii) both claims were barred by the litigation privilege, (iii) Uber failed to plausibly establish fraudulent conduct, (iv) Uber failed to plead an inadequate remedy at law; (v) and Uber lacked standing.  *See* Dkt. No. 66 at 26:9-38:6.

On this record, there can be no question that Dr. Khounganian would have prevailed on the anti-SLAPP motion had Uber not abandoned its state-law claims. As such, both as a matter of legal presumption and based on the underlying merits, Dr. Khounganian is entitled to a determination that he was the prevailing party on his anti-SLAPP motion.

**B.      Dr. Khounganian Will Separately Move for an Award of His Reasonable Anti-SLAPP Fees and Costs**

Dr. Khounganian accordingly respectfully requests that the Court enter an order determining him to be the prevailing party on his anti-SLAPP motion.  Dr. Khounganian will then, in turn, submit a motion seeking an award of the fees and costs that Dr. Khounganian reasonably incurred in bringing his anti-SLAPP motion pursuant to Cal. Civ. Proc. Code § 425.16(c)(1).

///
///

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S MOTION FOR DETERMINATION OF PREVAILING PARTY

## IV.   CONCLUSION

For these reasons, the Court should grant this motion in its entirety.

Dated:  January 23, 2026          LARSON LLP

By: */s/ John S. Lee*
_____
Stephen G. Larson
John S. Lee
Amelia L.B. Sargent
Benjamin Falstein
Attorneys for Defendant
GREG KHOUNGANIAN

11

DEFENDANT GREG KHOUNGANIAN'S MOTION FOR DETERMINATION OF PREVAILING PARTY

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Greg Khounganian certifies that this brief contains 2,215 words, which complies with the type-volume limitation of L.R. 11-6-1.


Dated:  January 23, 2026           LARSON LLP

                                   By:  */s/ John S. Lee*
                                        _____
                                        Stephen G. Larson
                                        John S. Lee
                                        Amelia L.B. Sargent
                                        Benjamin Falstein
                                   Attorneys for Defendant
                                   GREG KHOUNGANIAN