GRANT B. GELBERG (SBN 229454)
Grant.Gelberg@halpernmay.com
S. ALBERT WANG (SBN 250163)
S.Albert.Wang@halpernmay.com
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071-2680
Tel: (213) 402-1900
Fax: (213) 402-1901

Attorneys for Defendant
RADIANCE SURGERY CENTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, GSK SPINE, GREG KHOUNGANIAN, and RADIANCE SURGERY CENTER,<br><br>Defendants. | Case No. 2:25-cv-06612 SPG (PDx)<br><br>Judge:   Hon. Sherilyn Peace Garnett<br><br>**DECLARATION OF GRANT B. GELBERG IN SUPPORT OF DEFENDANT RADIANCE SURGERY CENTER'S MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>*[Filed concurrently with (1) Notice of Motion and Motion; and, (2)[Proposed] Order]*<br><br>DATE:      April 29, 2026<br>TIME:      1:30 p.m.<br>PLACE:    5C<br><br><br>Action Filed:     July 21, 2025<br>Trial Date:        None |

DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES

## DECLARATION OF GRANT B. GELBERG

I, Grant B. Gelberg, declare as follows:

1. I am admitted to practice law in the State of California and am a partner with the law firm of Halpern May Ybarra Gelberg LLP ("HMYG"). I am counsel to former Defendant Radiance Surgery Center ("Radiance") in this action. Unless otherwise stated expressly below, the facts stated herein are within my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Radiance's Motion for Determination of Prevailing Party and for Attorneys' Fees Pursuant to Cal. Civ. Proc. Code § 425.16.

## BACKGROUND AND MEET-AND-CONFER HISTORY

3. On July 21, 2025, Plaintiff Uber Technologies, Inc. ("Uber") filed a Complaint that brought two causes of action against Radiance, both under California state law: one claim was for alleged unjust enrichment and the other was for alleged violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*).

4. In October 2025, the parties met and conferred regarding Radiance's anticipated special motion to strike under California Code of Civil Procedure section 425.16 (the "anti-SLAPP" motion) as well as Radiance's anticipated Rule 12(b)(6) motion to dismiss. On October 9, 2025, at the request of Uber, Radiance set forth its arguments for both motions in writing. A true and correct copy of my October 9, 2025 email to Uber setting forth Radiance's arguments is attached hereto as **Exhibit A**.

5. My October 9 email was followed by a videoconference with Uber's counsel on October 10, 2025 to discuss these issues. Uber did not agree to dismiss its claims against Radiance during this conference.

1

6.     On November 7, 2025, Uber emailed counsel for all defendants in this case, including Radiance's counsel, stating for the first time that Uber intended to "drop" its two state law claims.  The ensuing discussions between counsel for Uber and for Radiance took place over email.  Attached hereto as **Exhibit B** is a true and correct copy of the November 7-10, 2025 email chain, which reflects all of the discussion between Uber's counsel and Radiance's counsel regarding Uber's intention to "drop" its state law claims and whether Radiance could avoid filing its anti-SLAPP and Rule 12(b)(6) motions.

7.     Attached hereto as **Exhibit C** is a true and correct copy of a draft stipulation to dismiss that my colleague (and counsel for Radiance) S. Albert Wang emailed to Uber's counsel on November 10, 2025.  Exhibit C was attached to the November 10 email from Mr. Wang found on page 3 of the Exhibit B email chain.

8.     Attached hereto as **Exhibit D** is a true and correct copy of Uber's redline of Radiance's draft stipulation, showing Uber's proposed edits, which Radiance's counsel received on November 10, 2025.  Exhibit D was attached to the November 10 email from Uber counsel Mr. Oliver Gold found on pages 2 to 3 of the Exhibit B email chain.

9.     As set forth on page 1 of the Exhibit B email chain, Radiance's counsel Mr. Wang responded to Uber's proposed redlines on the evening of November 10, explaining the problems with Uber's proposal, that there were straightforward Rule 41 procedures for dismissing Radiance and that Radiance would not file its motions if Radiance was dismissed by its November 14 deadline to respond to Uber's Complaint, but "[i]f, however, Uber will not dismiss the state causes of action, then the claims are still in the case and Radiance is still in the case, and Radiance must participate by filing its motions."  Radiance's counsel concluded by asking Uber's counsel to "[p]lease let us know if Uber will agree to dismiss Radiance on the terms we've outlined ahead of the Friday deadline to file,

**DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES**

or if Radiance will be forced to file against the claims that will still be active against Radiance as of this Friday." Ex. B at p. 1.

10.    Uber never responded, and did not dismiss its claims against Radiance before Radiance's November 14, 2025 deadline to respond to Uber's Complaint.

11.    Faced with Uber's refusal to actually dismiss its claims, Radiance filed its anti-SLAPP and Rule 12(b)(6) motions on November 14, 2025.

12.    On December 19, 2025, Plaintiff filed a First Amended Complaint omitting all state law claims that had previously been pled against Radiance.  Uber did not add Radiance to any of its other claims, nor did Uber add any new claims against Radiance.  Thus, Uber has abandoned all of its claims against Radiance and Radiance is no longer a defendant in this action.

13.    On January 16, 2026, the parties conducted a meet and confer via videoconference regarding Radiance's Motion for Determination of Prevailing Party and for Attorneys' Fees Pursuant to Cal. Civ. Proc. Code § 425.16.  Uber intends to oppose this motion.

### SUPPORT FOR ATTORNEYS' FEES REQUESTED

14.    The HMYG attorneys who performed the work in connection with representing Radiance in these proceedings initiated by Uber were Grant B. Gelberg (partner), S. Albert Wang (partner) and Gwendolyn Toczko (of counsel). Additionally, three experienced paralegals worked on the representation: Jillian Song, Candice Spoon, and Alisha Chandler.

15.    A brief summary of the professional backgrounds of the HMYG attorneys who worked on this matter is below, and their biographies from HMYG's website are also attached as exhibits:

- I, Grant B. Gelberg, am a partner at HMYG.  Prior to joining HMYG, I served as an Assistant United States Attorney with the United States Attorney's Office for the Central District of

3

**DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES**

California.  Prior to becoming an AUSA, I was an attorney at O'Melveny & Myers LLP.  I obtained my J.D. at University of Michigan Law School in 2003, where I graduated *cum laude*.  In addition, I obtained my L.L.M. with first degree honors from the University of Cambridge, and received my undergraduate degree *summa cum laude* from the University of California, Los Angeles.  I clerked for the Honorable Alicemarie Stotler in the Central District of California and then the Honorable Pamela Ann Rymer in the Ninth Circuit Court of Appeals.  Attached as **Exhibit E** is a true and correct copy of my current biography from the HMYG website.

- S. Albert Wang is a partner at HMYG.  I understand that prior to joining HMYG, Mr. Wang practiced with the law firms of Irell & Manella LLP and Arnold & Porter, and that he obtained his J.D. from Yale Law School in 2006 and his undergraduate degree *magna cum laude* from Harvard University.  In addition, I understand that Mr. Wang previously clerked for the Honorable Richard R. Clifton of the United States Court of Appeals for the Ninth Circuit and is also an elected member of the American Law Institute.  Attached as **Exhibit F** is a true and correct copy of Mr. Wang's current biography from the HMYG website.

- Gwendolyn Toczko is of counsel at HMYG.  I understand that prior to joining HMYG, Ms. Toczko was an associate at Latham & Watkins LLP, and that she obtained her J.D. from Columbia Law School in 2004 and her undergraduate degree from Tufts University.  Attached as **Exhibit G** is a true and correct copy of Ms. Toczko's current biography from the HMYG website.

4

**DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES**

16.    The rates HMYG billed Radiance for this matter are as follows:

- Grant Gelberg (partner): $1,095/hour

- S. Albert Wang (partner): $995/hour

- Gwendolyn Toczko (of counsel): $895/hour

- Jillian Song, Candice Spoon, and Alisha Chandler (paralegals): $375/hour

17.    Radiance's requested rates are reasonable market rates and they are representative of rates that HMYG has obtained for other comparable matters. HMYG's rates with Radiance were set as a result of an arms-length negotiation, and Radiance agreed to and did pay counsel's billed hourly rates on all but one month's invoice.

18.    The one month where Radiance did not pay HMYG's full billed amount was November 2025, where HMYG provided a 10% discount.  The total dollar amount of this discount was a little less than $12,000.

19.    Radiance did not receive any discounts on any of its other monthly invoices from HMYG, and I do not anticipate providing any discount on Radiance's future invoices.

20.    Attached hereto as **Exhibit H** is a spreadsheet containing time entries and billed amounts[1] for HMYG's attorneys' and paralegals' work on Radiance's anti-SLAPP motion, Rule 12(b)(6) motion, and on this motion seeking fees.  The entries on Exhibit H have been redacted to preserve the attorney-client privilege, and contain time entries up through January 22, 2026, the day before this motion was due to be filed.  Also attached hereto as **Exhibit I** are two tables, summarizing the information in Exhibit H, as requested per Paragraph H.8 of the Standing Order, Dkt. 14, at 14-15.

---

[1] The billed amounts in Exhibit H for November 2025 time do not reflect the 10% discount on that month's HMYG invoice to Radiance.

5

**DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES**

21.    Through and including January 22, 2026, HMYG timekeepers have billed a total of 396.5 hours.  The total billable value of HMYG's time already expended amounts to $366,559.50.

22.    In addition, I anticipate that HMYG will spend additional time on finalizing and filing this motion on January 23, 2026, as well as on responding to Uber's opposition with a reply brief and preparing for and attending the hearing on this motion.  My current best estimate for the time for those tasks is:

- Grant Gelberg (partner): 11 hours
- S. Albert Wang (partner): 23 hours
- Gwendolyn Toczko (of counsel): 21 hours
- Alisha Chandler, Jillian Song (paralegals): 19 hours
- Total: 74 hours

23.    Applying each timekeeper's bill rate, I estimate that the remaining tasks for this fee motion will require an additional billable value of $60,850.

24.    Adding together the value of HMYG's time already expended with my estimate for the remaining tasks, Radiance seeks an award against Uber of $427,409.50.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

This declaration was executed on January 23, 2026 at Los Angeles, California.

*/s/ Grant B. Gelberg*
GRANT B. GELBERG

6

**DECLARATION OF GRANT B. GELBERG ISO MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES**