# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC., | Case No. 2:25-cv-06612 SPG (PDx) |
| Plaintiff, | Judge:    Hon. Sherilyn Peace Garnett |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANT RADIANCE SURGERY CENTER'S MOTION FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16 [ECF NO. 98]** |
| DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, GSK SPINE, GREG KHOUNGANIAN, and RADIANCE SURGERY CENTER, | |
| Defendants. | Action Filed:    July 21, 2025<br>Trial Date:        None |

On January 23, 2026, Defendant Radiance Surgery Center ("Radiance") filed its Motion for Determination of Prevailing Party and for Attorneys' Fees Pursuant to Cal. Civ. Proc. Code § 425.16(c)(1) (the "Motion"), supported by the Declaration of Grant B. Gelberg and documentation establishing the attorneys' fees incurred.  Radiance seeks a determination that it is the prevailing defendant on its special motion to strike and an award of its reasonable attorneys' fees incurred in connection with its anti-SLAPP motion, the intertwined and incorporated Rule 12(b)(6) motion, and this motion for fees.

The Court, having considered Radiance's Motion, all papers filed in support of the Motion, including the declaration and exhibits submitted in support of the requested fee award, and the record in this action, finds that Radiance is a prevailing defendant within the meaning of Cal. Civ. Proc. Code § 425.16(c)(1).

Radiance filed a special motion to strike, after which Plaintiff Uber Technologies, Inc. ("Uber") abandoned the claims challenged by that motion. Under *Coltrain v. Shewalter*, 66 Cal. App. 4th 94 (1998), this voluntary abandonment gives rise to a presumption that Radiance is the prevailing party. Plaintiff has failed to rebut that presumption.  Accordingly, Radiance is entitled to recover its reasonable attorneys' fees and costs.

The Court further finds that the fees and costs requested by Radiance are reasonable and were reasonably incurred.  The Court further finds that apportionment is neither required nor appropriate because the work performed on Radiance's Rule 12(b)(6) motion was inextricably intertwined with the work for Radiance's anti-SLAPP motion.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Radiance is the prevailing defendant on its special motion to strike under Cal. Civ. Proc. Code § 425.16;

2.    Pursuant to Cal. Civ. Proc. Code § 425.16(c)(1), Radiance is awarded attorneys' fees in the total amount of $[427,409.50], representing fees reasonably incurred in connection with:

a.  Radiance's anti-SLAPP motion;

b.  The Rule 12(b)(6) motion incorporated into the anti-SLAPP motion; and

c.  Radiance's motion for attorneys' fees.

3.    Judgment is hereby entered against Uber and in favor of Radiance in amount of $[427,409.50].

4.    Post-judgment interest shall accrue as provided by law.


IT IS SO ORDERED.


Dated: _____

                                             _____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE