**PERKINS COIE LLP**

Oliver M. Gold, SBN 279033
OGold@perkinscoie.com
Gillian Kuhlmann, SBN 316241
GKuhlmann@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.202.654.6211

David W. T. Daniels, SBN 172791
DDaniels@perkinscoie.com
Michael R. Huston, *pro hac vice*
MHuston@perkinscoie.com
700 Thirteenth Street, NW, Suite 800
Washington, DC 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

Joshua Patashnik, SBN 295120
JPatashnik@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

David B. Massey, *pro hac vice*
DMassey@perkinscoie.com
1155 Avenue of the Americas, 22nd Fl.
New York, NY 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Attorneys for Plaintiff Uber Technologies, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, GSK SPINE, GREG KHOUNGANIAN, and RADIANCE SURGERY CENTER,<br><br>          Defendants. | Case No. 2:25-cv-06612-SPG-PD<br><br>**PLAINTIFF UBER TECHNOLOGIES, INC.'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND FOR ATTORNEY'S FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16** |

**TABLE OF CONTENTS**

**Page(s)**

Introduction.................................................................................................1

Procedural Background ...............................................................................2

Argument ....................................................................................................3

I.      Defendants Are Not Entitled to Anti-SLAPP Attorney's Fees....................3

    A.      Verizon and Subsequent District Court Authority Preclude an
        Anti-SLAPP Fee Award Where a Plaintiff Amends Its
        Complaint to Omit State Law Claims....................................................3

    B.      Other Ninth Circuit Authority Strongly Suggests that
        Defendants Are Not Entitled to Prevailing Party Anti-SLAPP
        Fees ...................................................................................................7

    C.      Defendants' Contrary Arguments Are Unpersuasive ..........................9

II.     Radiance's Fee Request Should Be Denied in Any Event Because Its
        Asserted Fees Are Exorbitant and Unreasonable........................................13

    A.      Radiance Bears the Burden of Justifying Its Claimed Fees...............13

    B.      Radiance's Flawed Evidentiary Submission Requires that Its
        Claimed Fees Be Significantly Reduced ...........................................14

    C.      Radiance's Claimed Hours Are Patently Unreasonable in Light
        of Attorney's Fees Awarded in Comparable Anti-SLAPP
        Motions ..............................................................................................17

Conclusion .................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbas v. Foreign Pol'y Grp., LLC*,
783 F.3d 1328 (D.C. Cir. 2015) .................................................................... 8

*Alvarez v. Los Angeles County*,
2025 WL 3552742 (C.D. Cal. Dec. 11, 2025) ............................................ 10

*Berk v. Choy*,
146 S. Ct. 546 (2026) .................................................................................... 8

*Brown v. Elec. Arts, Inc.*,
722 F. Supp. 2d 1148 (C.D. Cal. 2010) ........................................................ 6

*Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*,
2012 WL 12883819 (C.D. Cal. June 12, 2012) .......................................... 17

*Carbone v. Cable News Network, Inc.*,
910 F.3d 1345 (11th Cir. 2018) .................................................................... 8

*Christian Rsch. Inst. v. Alnor*,
165 Cal. App. 4th 1315 (2008) .................................................................... 18

*Conlan v. Reilly*,
2025 WL 4058569 (C.D. Cal. May 16, 2025) ...................................... passim

*Coulter v. Murrell*,
2010 WL 2775627 (S.D. Cal. 2010) ........................................................... 16

*DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*,
2025 WL 3050090 (C.D. Cal. Sept. 15, 2025) ........................................... 10

*Device Inc. v. Korean Broad. Sys.*,
2025 WL 2092811 (C.D. Cal. June 3, 2025) ......................................... 10, 11

*eCash Techs., Inc. v. Guagliardo*,
127 F. Supp. 2d 1069 (C.D. Cal. 2000) ...................................................... 10

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
2009 WL 1668712 (S.D. Cal. May 27, 2009) ............................................... 5

*eDrop-Off Chi. LLC v. Burke*,
2013 WL 12131186 (C.D. Cal. Aug. 9, 2013) .............................................. 5

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

*Erie R.R. Co. v. Tompkins*,
304 U.S. 64 (1938) ......................................................................................... 1, 7, 9

*Experian Info. Sols. Inc. v. Stein Saks, PLLC*,
2025 WL 3780654 (C.D. Cal. Apr. 18, 2025)....................................................... 17

*Fallay v. San Francisco City & County*,
2016 WL 879632 (N.D. Cal. Mar. 8, 2016) ......................................................... 17

*Fintland v. Luxury Marine Grp., LLC*,
2010 WL 758543 (C.D. Cal. Mar. 1, 2010) ......................................................... 10

*Fleming v. Coverstone*,
2009 WL 764940 (S.D. Cal. Mar. 18, 2009).......................................................... 10

*Garrick v. Freeman Garrick*,
2025 WL 1735732 (N.D. Cal. June 23, 2025) ....................................................... 15

*Garrison v. Baker*,
2000 WL 206575 (9th Cir. Feb. 23, 2000)............................................................. 11

*Gilabert v. Logue*,
2013 WL 6804663 (C.D. Cal. Dec. 20, 2013) ................................................ 10, 11

*Gopher Media LLC v. Melone*,
154 F.4th 696 (9th Cir. 2025)..................................................................... 4, 7, 8

*Gottesman v. Santana*,
263 F. Supp. 3d 1034 (S.D. Cal. 2017) ................................................................. 10

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010).................................................................................. 16

*Hyan v. Hummer*,
825 F.3d 1043 (9th Cir. 2016)................................................................................... 7

*In re Santa Clarita, LLC*,
2023 WL 8881861 (C.D. Cal. Nov. 20, 2023) ................................................ 16, 17

*ITN Flix, LLC v. Hinojosa*,
2020 WL 1032344 (C.D. Cal. Mar. 2, 2020) ........................................................ 15

*Kaplan v. Dep't Stores Nat'l Bank*,
2016 WL 4270242 (N.D. Cal. Aug. 15, 2016)......................................................... 6

*Klocke v. Watson*,
   936 F.3d 240 (5th Cir. 2019)..................................................................... 8

*La Liberte v. Reid*,
   966 F.3d 79 (2d Cir. 2020) ........................................................................ 8

*Los Lobos Renewable Power, LLC v. Americulture, Inc.*,
   885 F.3d 659 (10th Cir. 2018)................................................................... 8

*Manufactured Home Cmtys., Inc. v. County of San Diego*,
   655 F.3d 1171 (9th Cir. 2011) ........................................................... 10, 11

*Martin v. Jensen*,
   2023 WL 11195907 (C.D. Cal. Nov. 17, 2023) ......................................... 6

*Maughan v. Google Tech., Inc.*,
   143 Cal. App. 4th 1242 (2006)............................................................ 17, 18

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) ............................................................ 1, 3, 7

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003) (en banc)..................................................... 5

*Monteleone v. Goldberg*,
   2025 WL 3773035 (C.D. Cal. Dec. 16, 2025) ......................................... 11

*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*,
   2022 WL 1289048 (N.D. Cal. Apr. 29, 2022) ......................................... 15

*Orian v. Fed'n Int'l des Droits de L'Homme*,
   2011 WL 13220921 (C.D. Cal. Dec. 13, 2011) .................................. 10, 11

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir. 2018)..................................................................... 8

*Plevin v. City & County of San Francisco*,
   2011 WL 3240536 (N.D. Cal. July 29, 2011) ......................................... 10

*Ramachandran v. City of Los Altos*,
   359 F. Supp. 3d 801 (N.D. Cal. 2019)....................................................... 6

*Ramirez v. County of San Bernardino*,
   806 F.3d 1002 (9th Cir. 2015).................................................................. 10

*Run the World Inc. v. Jiang*,
  2025 WL 948059 (N.D. Cal. Mar. 28, 2025) ........................................................ 11

*Rutherford v. Palo Verde Health Care Dist.*,
  2014 WL 12634510 (C.D. Cal. May 13, 2014) .............................................. 10, 12

*Sarver v. Chartier*,
  813 F.3d 891 (9th Cir. 2016) ................................................................................. 7

*Sarver v. Hurt Locker, LLC*,
  2011 WL 13135126 (C.D. Cal. Dec. 8, 2011) ...................................................... 14

*Simmons v. Allstate Ins. Co.*,
  92 Cal. App. 4th 1068 (2001) ................................................................................ 9

*Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*,
  122 Cal. App. 4th 1049 (2004) .............................................................................. 9

*Thornbrough v. W. Placer Unified Sch. Dist.*,
  2010 WL 2179917 (E.D. Cal. May 27, 2010) ...................................................... 10

*United States v. $28,000.00 in U.S. Currency*,
  802 F.3d 1100 (9th Cir. 2015) ............................................................................. 13

*Van Gerwen v. Guarantee Mut. Life Co.*,
  214 F.3d 1041 (9th Cir. 2000) ............................................................................. 17

*Verizon Delaware, Inc. v. Covad Communications Co.*,
  377 F.3d 1081 (9th Cir. 2004) ....................................................................... passim

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................... 3

*Walker v. Armco Steel Corp.*,
  446 U.S. 740 (1980) ............................................................................................... 3

*Welch v. Metro. Life Ins. Co.*,
  480 F.3d 942 (9th Cir. 2007) ............................................................................... 15

*Woulfe v. Universal City Studios LLC*,
  2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) .................................................. passim

**STATUTES**

18 U.S.C.

§ 1962(c) ..................................................................................................... 2
§ 1962(d) .................................................................................................... 2

Cal. Civ. Proc. Code § 425.16(c)(1) .................................................... 2, 4, 8

**COURT RULES**

Federal Rules of Civil Procedure

Rule 9(b) ..................................................................................................... 15
Rule 12 ................................................................................................... 8, 15
Rule 12(b)(6) ........................................................................................... 2, 8
Rule 15 ................................................................................................. passim
Rule 15(a) ........................................................................................... 3, 6, 11
Rule 15(a)(1) ........................................................................................... 3, 11
Rule 41 ................................................................................................. 10, 13
Rule 41(a)(2) ................................................................................................ 11
Rule 56 .......................................................................................................... 8

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS
FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

**INTRODUCTION**

Defendants Greg Khounganian, Jacob Emrani, the Law Office of Jacob Emrani, and Radiance Surgery Center's (collectively, Defendants') respective Motions for Determination of Prevailing Party (collectively, the Motions) all fail for one fundamental reason: Defendants are not, as a matter of Ninth Circuit precedent, prevailing parties entitled to attorneys' fees under California's anti-SLAPP statute. Defendants did not "prevail" on anything; rather, as Federal Rule of Civil Procedure 15 expressly allows, Plaintiff Uber Technologies, Inc. has amended its pleading once as of right to eliminate the state law causes of action in its complaint. As the court of appeals explained in *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), where a federal-court plaintiff amends its complaint in accordance with Rule 15's "policy favoring liberal amendment," attorney's fees and other anti-SLAPP remedies are not available in connection with the initial complaint. "*If the offending claims remain in the first amended complaint*, the anti-SLAPP remedies remain available to defendants." *Id.* at 1091 (emphasis added). Here, however, no state law claims remain in Uber's First Amended Complaint, so no fees or other anti-SLAPP remedies are available. To the extent California anti-SLAPP case law provides otherwise, there is a "direct collision" with the text and policy of Rule 15—and under the *Erie* doctrine, federal procedural rules must take precedence here in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Perhaps recognizing their long odds of recovering any fees, none of the Defendants other than Radiance have gone to the trouble of making a specific demand for a fee award. And Radiance's fee demand—for nearly $430,000—is absurd and unsupported by Radiance's evidence, which is replete with block billing entries and other serious flaws. Were the Court to award any fees—which it should not—that request should be reduced by 70% or more.

Defendants' Motions should be denied in their entirety.

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

# PROCEDURAL BACKGROUND

On July 21, 2025, Uber filed its original Complaint. ECF 1. Uber alleged that Defendant lawyers and medical providers have been engaged in a fraudulent kickback scheme whereby the lawyers direct personal injury claimants to pre-selected, lien-based medical providers to receive unnecessary medical procedures for minor or nonexistent injuries purportedly caused by automobile accidents involving drivers logged into the driver version of the Uber application. Uber alleged several RICO causes of action against most of the Defendants, *see* 18 U.S.C. § 1962(c)-(d), and also included two state law claims against all Defendants. *See* ECF 1.

On November 7, 2025—a week before Defendants filed their anti-SLAPP motions—Uber informed Defendants that it would be filing an amended complaint, as expressly permitted by Rule 15, in which it would "drop its Unjust Enrichment and 17200 state law claims." ECF 99-2 at 8. Uber told Defendants that it was "willing to stipulate (with prejudice) to drop [the] Unjust Enrichment and 17200 claims in its amended complaint[.]" *Id.* at 6. The parties ultimately could not reach an agreement on the terms of a stipulation. Although Uber made clear on multiple occasions that it would not include the state law claims in any amended complaint, each Defendant filed anti-SLAPP motions related to the state law claims in the original Complaint. *See* ECF 66, 67, 68. Defendants also each filed Rule 12(b)(6) motions to dismiss. *See* ECF 61, 63, 64, 66, 67, 68.

On December 19, 2025, Uber filed its First Amended Complaint (FAC), which retained and expanded upon Uber's core allegations, but—as promised—did not include any state law claims. ECF 77. The Court accordingly denied the pending motions as moot. ECF 79.

Defendants now seek a determination that they are prevailing parties under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16(c)(1). ECF 88, 97, 98. Radiance also seeks $427,409.50 in attorneys' fees associated with bringing its anti-SLAPP, Rule 12(b)(6), and attorneys' fees motions. ECF 98 at 31. The other

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS
FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

Defendants request leave to file a further motion enumerating their recoverable costs and fees. *See* ECF 88, 97.

**ARGUMENT**

## I.    Defendants Are Not Entitled to Anti-SLAPP Attorney's Fees

Uber in this case proceeded in accordance with Federal Rule of Civil Procedure 15 in filing its initial Complaint and then filing, as of right, a First Amended Complaint that omitted any state law claims. *See* Fed. R. Civ. P. 15(a)(1). Because any award of anti-SLAPP attorney's fees would directly conflict with Rule 15, Defendants' Motions should be denied in full. *See Verizon*, 377 F.3d at 1091.

### A.    *Verizon and Subsequent District Court Authority Preclude an Anti-SLAPP Fee Award Where a Plaintiff Amends Its Complaint to Omit State Law Claims*

The Ninth Circuit's decision in *Verizon* forecloses Defendants' effort to obtain attorney's fees based on the state law claims contained in Uber's original, now-superseded Complaint. In *Verizon*, the district court "deferred consideration" of the defendant's anti-SLAPP motion "pending receipt of Verizon's first amended complaint." 377 F.3d at 1091. The defendant argued that the district court had erred and should have "conducted its [anti-SLAPP] analysis" with respect to the plaintiff's original complaint, not its first amended complaint. *Id.* The court of appeals squarely rejected that theory. It held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint" when the plaintiff was amending its complaint "would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003)). And, of course, "[p]rocedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Metabolife*, 264 F.3d at 845 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980)).

Although *Verizon* did not squarely address the question of when anti-SLAPP fees are available in federal court, its reasoning clearly indicates that such fees are *not* recoverable where a plaintiff amends its complaint as a matter of right while an

anti-SLAPP motion is pending and omits state law claims from the amended complaint. The court explained that "*[i]f the offending claims remain in the first amended complaint*, the anti-SLAPP remedies remain available to defendants." *Verizon*, 377 F.3d at 1091 (emphasis added). Attorney's fees are plainly an anti-SLAPP remedy. Cal. Civ. Proc. Code § 425.16(c)(1). Indeed, in light of developments in the Ninth Circuit's application of California's anti-SLAPP statute, *see infra* at 7-8, they are effectively the *only* remaining anti-SLAPP remedy that applies in federal court, *see Gopher Media LLC v. Melone*, 154 F.4th 696, 716 (9th Cir. 2025) (en banc) (Bress, J., concurring in the judgment). Yet here, *no* state law claims "remain in the first amended complaint." *Verizon*, 377 F.3d at 1091. Accordingly, anti-SLAPP attorney's fees are not available.

*Verizon* also considered and expressly rejected the principal argument that Defendants make in support of their request for fees: that it would unfairly allow plaintiffs "one free shot at a SLAPP suit before amending the complaint." 377 F.3d at 1091; *see* ECF 88 at 4 (Emrani), ECF 97 at 7 (Khounganian), ECF 98 at 8 (Radiance). That consideration was irrelevant, the Ninth Circuit explained, because "a direct collision with a federal procedural rule exists," and the state anti-SLAPP law had to give way. *Verizon*, 377 F.3d at 1091. In any event, the court of appeals reasoned, "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint." *Id.*

Since *Verizon* was decided, the overwhelming weight of district court authority properly recognizes that anti-SLAPP attorney's fees are not available where a plaintiff amends its complaint to eliminate state law claims. In this District, Judge Wu has authored multiple well-reasoned opinions reaching that result. As he has explained, *Verizon*'s guidance that "'*[i]f* the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants,'" makes it clear that a "fee award" is "*not* available" where the claims do *not* remain

in the amended complaint. *eDrop-Off Chi. LLC v. Burke*, 2013 WL 12131186, at *4 (C.D. Cal. Aug. 9, 2013) (quoting *Verizon*, 377 F.3d at 1091). "If it did not matter whether the amended complaint itself contained claims that were subject to the anti-SLAPP statute, the Ninth Circuit would not have written that sentence." *Id.*

Radiance asserts that "*Verizon* . . . did not consider, much less decide, whether a plaintiff may avoid mandatory fee-shifting by abandoning SLAPP targeted claims after an anti-SLAPP motion has been filed." ECF 98 at 16. But Judge Wu recently considered—and rejected—this very argument. In *Conlan v. Reilly*, 2025 WL 4058569, at *3 (C.D. Cal. May 16, 2025), the defendant filed an anti-SLAPP motion, and the plaintiff subsequently amended the complaint to omit the state law claim. *Id.* Defendant then moved for prevailing party fees, arguing that he "'prevailed' for purposes of the anti-SLAPP statute when [p]laintiff effectively dropped the state-law malicious prosecution claim from his case upon his filing of the FAC." *Id.* at *1. The court denied the motion, holding "[t]here was no 'successful anti-SLAPP motion' here (at least not one that was actually decided)," since plaintiff "already[] amended." *Id.* at *3 n.6 (citation modified). While *Verizon* did not "directly address" the question of whether anti-SLAPP fees may be available where a plaintiff drops its state law claims from an amended complaint—because that situation was not presented in the case—its *reasoning* makes clear that fees are not available in that circumstance. *Id.* at *3. And "[l]ower courts are bound not only by the holding of higher courts' decisions but also by their mode of analysis." *Id.* (citation modified) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

The weight of district court authority since *Verizon* was decided is in accord with Judge Wu's view that anti-SLAPP fees are not available where a plaintiff omits state law claims from an amended complaint. "*Verizon* establishes that an award of attorneys' fees is not appropriate where the plaintiff eliminates" its "state-law claims from the subsequently filed *amended* complaint." *EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2009 WL 1668712, at *7 (S.D. Cal. May 27, 2009). Fees may be

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

available if the plaintiff "includes … state law claims" in his "amended complaint," but "an award of fees" in connection with state law claims in an earlier complaint would be "inconsistent with Rule 15's liberal amendment policy." *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 820 (N.D. Cal. 2019) (citing *Verizon*, 377 F.3d at 1091); *see also, e.g.*, *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1156-57 (C.D. Cal. 2010) (Gee, J.) (*Verizon* "foreclose[s]" the possibility of an "award [of] fees and costs … incurred with respect to the earlier initial complaint" where the complaint has been subsequently amended); *Martin v. Jensen*, 2023 WL 11195907, at *8 (C.D. Cal. Nov. 17, 2023) (denying motion for anti-SLAPP fees and costs and specifying that "[d]efendants may renew their motions if [p]laintiff includes amended state law claims in his amended complaint"); *Kaplan v. Dep't Stores Nat'l Bank*, 2016 WL 4270242, at *4 (N.D. Cal. Aug. 15, 2016) (denying anti-SLAPP fees where plaintiff was granted leave to amend and sought dismissal of entire action).

Like *Verizon*, these courts have "acknowledged" the "concern" that this approach will allow plaintiffs "to avoid attorneys' fees and costs" that might be available under the anti-SLAPP statute in state court, but have nonetheless correctly reasoned that "the Ninth Circuit has been clear that Rule 15(a)'s liberal leave to amend policy trumps this concern." *Kaplan*, 2016 WL 4270242, at *4. "[T]he Ninth Circuit has repeatedly instructed" that the anti-SLAPP statute "plays second-fiddle to the Federal Rules of Civil Procedure when there is a conflict between the two," which there would be if plaintiffs could be held liable for fees in connection with an initial complaint notwithstanding their right to amend under Rule 15. *Conlan*, 2025 WL 4058569, at *4. And in any event, where a plaintiff does not re-plead the state law claims, "the purpose of the anti-SLAPP statute" is still "achieved through the early dismissal of [the plaintiff's] claims." *Kaplan*, 2016 WL 4270242, at *3-4 (citing *Verizon*, 377 F.3d at 1091); *see also Conlan*, 2025 WL 4058569, at *4 ("[r]uling out a fee award" in that situation "does not interfere with the anti-SLAPP statute's 'purpose'").

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

**B.    Other Ninth Circuit Authority Strongly Suggests that Defendants Are Not Entitled to Prevailing Party Anti-SLAPP Fees**

Denial of Defendants' request for attorney's fees in this case is consistent not only with *Verizon*, but with a series of other Ninth Circuit cases holding that several features of California's anti-SLAPP statute conflict with the Federal Rules of Civil Procedure and thus cannot apply in federal court. As the Ninth Circuit continues to reassess its "increasingly bespoke," "hybrid version of California's anti-SLAPP statute," *Gopher Media*, 154 F.4th at 713 (Bress, J., concurring in the judgment), an award of fees here would be significantly out of step with the court of appeals' current approach.

California's anti-SLAPP law applies in federal court only if (1) there is no "direct collision" with the Federal Rules of Civil Procedure, and (2) the application of the anti-SLAPP law is consistent with "the purposes of *Erie*." *Metabolife*, 264 F.3d at 845. As Judge Bress recently observed, "[t]he last twenty-five years of case law in this area from the Ninth Circuit" has "revolved around a central project: *steadily holding that critical features of California's anti-SLAPP statute do not govern in federal court.*" *Gopher Media*, 154 F.4th at 711-12 (emphasis added) (opinion concurring in judgment). "From almost the very beginning of our anti-SLAPP case law, we were already constructing a version of the anti-SLAPP motion that was a far different (and tamer) animal than its state-court cousin." *Id.* at 712 (citation modified).

In addition to rejecting the statute's restriction on amending a complaint subject to an anti-SLAPP motion (*see Verizon*, 377 F.3d at 1091), the Ninth Circuit has rejected federal application of anti-SLAPP discovery-limiting procedures, *see Metabolife*, 264 F.3d at 845-46; the requirement that anti-SLAPP motions be made within 60 days of service of the complaint, *see Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016); and the right to immediately appeal the grant of an anti-SLAPP motion, *see Hyan v. Hummer*, 825 F.3d 1043, 1046-47 (9th Cir. 2016). More recently,

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

the court of appeals has held that the standards set forth in Federal Rule of Civil Procedure 12(b)(6) for assessing the "legal sufficiency of a claim," and in Rule 56 for assessing the "factual sufficiency of a claim," supersede the heightened "probability that the plaintiff will prevail" standard that the anti-SLAPP law prescribes in state court. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018); *see* Cal. Civ. Proc. Code § 425.16(b)(1). And just last year, the *en banc* court overruled prior circuit precedent and held that a denial of an anti-SLAPP motion is *not* immediately appealable in federal court. *Gopher Media*, 154 F.4th at 702.

Confronted with this trend of "strip[ping] away various defining features of the anti-SLAPP law when utilized in federal court," *Gopher Media*, 154 F.4th at 714 (Bress, J., concurring in the judgment), Ninth Circuit jurists of all stripes have urged the court to reach the "fundamental" conclusion "that California's anti-SLAPP statute does not apply in federal court" at all, *id.* at 710. Judges Collins, Lee, and Bumatay joined Judge Bress's opinion to that effect in *Gopher Media*, while Judges Kozinski, Gould, Paez, Bea, and Watford have endorsed that view in other opinions. *See id.* at 713-14 (collecting cases). Were the court to reach that conclusion, it would align itself with the holdings of "the Second, Fifth, Tenth, Eleventh, and D.C. Circuits," all of which have "concluded that state anti-SLAPP statutes do not apply in federal court." *Id.* at 715.[1] It would also be in accord with the U.S. Supreme Court's ruling this year in *Berk v. Choy*, 146 S. Ct. 546, 553-56 (2026), which emphasized (as the Ninth Circuit did in *Planned Parenthood*) that Rule 12 and Rule 56 preclude the application of state laws purporting to require proof-testing at the outset of a case, as the anti-SLAPP statute does.

---

[1] Citing *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (Kavanaugh, J.); *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 673 (10th Cir. 2018); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1347 (11th Cir. 2018); *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019); *La Liberte v. Reid*, 966 F.3d 79, 87-88 (2d Cir. 2020).

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

While Uber respectfully preserves the argument that California's anti-SLAPP law does not apply in federal court at all, this Court of course must follow Ninth Circuit precedent. Here, that precedent confirms that when a plaintiff amends its complaint and omits state law claims, anti-SLAPP fees and costs may not be awarded in connection with the original complaint because that "would result in a direct collision" with Rule 15's liberal amendment policy. *Verizon*, 377 F.3d at 1091.

### C.    Defendants' Contrary Arguments Are Unpersuasive

Defendants are unable to overcome this weight of authority. They make no effort to explain what *Verizon* meant when it says that "*[i]f the offending claims remain in the first amended complaint*, the anti-SLAPP remedies remain available to defendants." *Verizon*, 377 F.3d at 1091 (emphasis added). Remarkably, two of the three Motions do not mention *Verizon at all*—despite Uber having cited it in its opposition to the anti-SLAPP motions—and the third does not grapple with the key parts of its analysis.  *See* ECF 98 at 9. As Judge Wu observed, no one has offered a "convincing answer" to the question of how, in light of *Verizon*'s reasoning, anti-SLAPP fees can be available when a complaint is amended to omit state law claims. *Conlan*, 2025 WL 4058569, at *2. It is telling that Defendants do not even try.

The authorities Defendants do cite can be readily distinguished. They rely heavily on state court cases. *See, e.g.*, ECF 97 at 6-7, ECF 98 at 8, ECF 88 at 3-5. But these state court cases are entirely unresponsive to Uber's argument and the reasoning of *Verizon*, which is that Rule 15 takes precedence over California law on this point under *Erie*. Indeed, anti-SLAPP litigation in California state court works very differently: once a defendant files an anti-SLAPP motion, it effectively locks the pleadings. The plaintiff has no right to amend its complaint, *see Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-74 (2001), and even if the plaintiff does seek to amend, the anti-SLAPP motion directed at the initial pleading does not become moot, *see Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th 1049, 1054-56 (2004). In federal court, in contrast, there *is* a right to

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

amend under Rule 15, and this Court has already recognized that the amendment here rendered Defendants' anti-SLAPP motions moot, ECF 79. None of the state court cases Defendants cite remotely suggests that anti-SLAPP fees in federal court are available in connection with an original complaint that has since been "'supersede[d]'" and rendered "'non-existent'" by an amended complaint. *Id.* (quoting *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)).

The federal court cases Defendants cite are also distinguishable. Many either predate *Verizon* or do not address it, so they are of no help to Defendants in overcoming *Verizon*'s clear language.[2] Several of the cases rely primarily on California state law and show no understanding that the applicable principles in federal court are different.[3] Virtually all of the cases that awarded anti-SLAPP fees did so in a different procedural posture—the court either had granted the defendant's anti-SLAPP motion or the plaintiff voluntarily dismissed claims under Rule 41.[4]

---

[2] *See eCash Techs., Inc. v. Guagliardo,* 127 F. Supp. 2d 1069 (C.D. Cal. 2000), *aff'd*, 35 F. App'x 498 (9th Cir. 2002); *Alvarez v. Los Angeles County*, 2025 WL 3552742 (C.D. Cal. Dec. 11, 2025); *DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, 2025 WL 3050090 (C.D. Cal. Sept. 15, 2025); *Fintland v. Luxury Marine Grp., LLC*, 2010 WL 758543 (C.D. Cal. Mar. 1, 2010); *Gilabert v. Logue*, 2013 WL 6804663 (C.D. Cal. Dec. 20, 2013); *Gottesman v. Santana*, 263 F. Supp. 3d 1034 (S.D. Cal. 2017); *Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171 (9th Cir. 2011); *Orian v. Fed'n Int'l des Droits de L'Homme*, 2011 WL 13220921 (C.D. Cal. Dec. 13, 2011); *Plevin v. City & County of San Francisco*, 2011 WL 3240536 (N.D. Cal. July 29, 2011); *See Device Inc. v. Korean Broad. Sys.*, 2025 WL 2092811 (C.D. Cal. June 3, 2025); *Thornbrough v. W. Placer Unified Sch. Dist.*, 2010 WL 2179917 (E.D. Cal. May 27, 2010); *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024).

[3] *See Plevin*, 2011 WL 3240536, at *4-5; *Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12634510 (C.D. Cal. May 13, 2014); *Fleming v. Coverstone*, 2009 WL 764940, at *6 (S.D. Cal. Mar. 18, 2009).

[4] *See, e.g.*, *Alvarez*, 2025 WL 3552742, at *2 (noting that the court "dismissed all of [plaintiff's] claims against [defendant] without leave to amend"); *Gottesman*, 263 F. Supp. 3d at 1038 (plaintiff voluntarily dismissed certain defendants); *Fintland*, 2010 WL 758543 at *1, *7 (striking claim under anti-SLAPP statute and awarding fees related to stricken claim); *Gilabert*, 2013 WL 6804663, at *2-3 (anti-SLAPP

-10-

Those cases can plausibly be reconciled with *Verizon* because they may not implicate "Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." 377 F.3d at 1091. And *none* of the cases Defendants cite involve the fact pattern here, in which a plaintiff amended its complaint for the first time *as of right* under Rule 15(a)(1) to omit the state law claims. It would be an affront to both the text and policy of that rule to hold a plaintiff liable for fees in connection with an original complaint amended as of right so close to the inception of the litigation.

Another case Defendants cite, *Monteleone v. Goldberg*, 2025 WL 3773035 (C.D. Cal. Dec. 16, 2025), *tentative ruling adopted*, 2025 WL 3765145 (C.D. Cal. Dec. 23, 2025) (cited at ECF 88 at 3), demonstrates why the procedural posture matters. *Monteleone*, like *Conlan*, was decided by Judge Wu in 2025. In *Monteleone*, after defendants filed an anti-SLAPP motion, plaintiffs did not amend their complaint. 2025 WL 3773035, at *1. Instead, they filed a notice of voluntary dismissal. *Id.* Judge Wu reasoned that "[a] voluntary dismissal filed prior to an anti-SLAPP motion being heard does not preclude a later award of attorney's fees," and subsequently granted prevailing party fees. *Id.* at *2, *6 (citing *Garrison v. Baker*, 2000 WL 206575, at *1 (9th Cir. Feb. 23, 2000) (unpublished)). The court did not address *Verizon*, given that there was no amended complaint and thus no tension between the California anti-SLAPP statute and Rule 15. As *Conlan* illustrates, *had* there been an amended complaint that omitted the state law claims, then *Verizon* would have precluded a fee award.

---

fees appropriate after plaintiff filed FRCP 41(a)(2) request for voluntary dismissal); *Orian*, 2011 WL 13220921, at *1, *4 (similar); *Manufactured Home Cmtys.*, 655 F.3d at 1181 (affirming grant of anti-SLAPP motion and related award of attorneys' fees); *Run the World Inc. v. Jiang*, 2025 WL 948059, at *3 (N.D. Cal. Mar. 28, 2025) (counterclaimant's amended complaint "did not remedy the SLAPP Claims"), *appeal dismissed*, 2025 WL 2158806 (9th Cir. May 30, 2025); *See Device*, 2025 WL 2092811, at *1 (court "granted in part Defendants' anti-SLAPP motion"); *Woulfe*, 2024 WL 1110914, at *1, *4 (fees awarded after court granted in part joint motion to dismiss and anti-SLAPP motion).

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

The only case Defendants cite that makes any real effort to grapple with *Verizon* is *Rutherford*, 2014 WL 12634510, at *5 & n.3. But *Rutherford* is both distinguishable and, with respect to its analysis of *Verizon*, misguided. In *Rutherford*, the plaintiff did not amend his complaint under Rule 15 to omit state law claims; rather, he "stipulate[d] to dismiss" the claims. *Id.* at *4. The court concluded that "*Verizon* does not hold that attorney's fees cannot be recovered by the moving party when the challenged claims have been dismissed voluntarily." *Id.* at *5 n.3. That is true in a narrow sense: As just discussed, if claims have been dismissed voluntarily and there is no amended complaint, then *Verizon*'s rationale—rooted in Rule 15— does not apply. In *Rutherford*, however, the district court *did* rely on Rule 15 in ultimately allowing the plaintiff leave to amend his complaint, though it was not an amendment as of right. *Id.* at *1. Given that conclusion, *Rutherford*'s award of fees cannot be squared with *Verizon*. As Judge Wu persuasively explained, *Rutherford* takes a "strict holdings-only assessment of *Verizon*" and fails to "address[] [the] implication" of the Ninth Circuit's reasoning. *Conlan*, 2025 WL 4058569, at *3, *4 n.7. This Court should not make that same error.

Apart from the case law, Defendants advance a broader argument that fees should be awarded because Uber improperly engaged in "gamesmanship," ECF 97 at 9, that reflected a "strategic decision to force" Defendants "to prepare and file an anti-SLAPP motion before promptly abandoning its state-law claims," *id.* at 7; *see also* ECF 98 at 6 (asserting that Uber "sought to keep Radiance twisting as a defendant in the litigation despite admitting that it had no viable claims against Radiance"). These allegations are unsupported and baseless. Uber did nothing more than what Rule 15 expressly allows: it amended its complaint once, as of right, close in time to the inception of the litigation, when it determined that it did not wish to proceed with its state law claims. Indeed, Uber went above and beyond what Rule 15 requires—as Defendants acknowledge, once Uber determined that it would be amending its complaint to omit those claims, it gave Defendants *advance notice* so

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS
FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

they did not need to expend additional effort responding to them. *See* ECF 98 at 5-7.[5] The fact that Defendants complain so much about Uber doing something *expressly permitted by Rule 15* illustrates quite well the fundamental conflict between their vision of the anti-SLAPP statute and the Federal Rules of Civil Procedure.

## II. Radiance's Fee Request Should Be Denied in Any Event Because Its Asserted Fees Are Exorbitant and Unreasonable

The Court need go no further, because none of the Defendants are entitled to attorney's fees. But if the Court were to reach the question (which it should not), it should reject Radiance's exorbitant claim for fees. No Defendant other than Radiance has made a specific request for a fee award—perhaps because, given *Verizon*, they recognized their long odds of obtaining any fees and did not want to expend the effort needed to quantify them. Even Radiance, for that matter, appears to have put little effort into doing so. Its absurd demand for nearly $430,000 in fees vastly exceeds any sum that it should recover. It should recover nothing.

### A. Radiance Bears the Burden of Justifying Its Claimed Fees

As the fee applicant, Radiance bears the burden of "documenting the appropriate hours expended in the litigation" and "submit[ting] evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015). "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of

---

[5] Radiance's recounting of its attorney's email exchange with counsel for Uber, ECF 98 at 5-7, does not support its unfounded charges of bad faith on Uber's part. Uber declined to "dismiss Radiance from the case," *id.* at 5 (alteration omitted) because at that time, it was uncertain whether Uber would allege in the amended complaint a civil RICO cause of action against Radiance—which Uber ultimately opted not to do. And it should come as no surprise that Uber declined to take Radiance's counsel up on its offer to voluntarily dismiss under Rule 41—because, as the case law illustrates, *see supra* at 10-12, *Verizon*'s reasoning may not extend to Rule 41 dismissals. In light of that case law, it is not surprising that Radiance would have preferred a Rule 41 dismissal to a Rule 15 amendment as of right—but that choice was Uber's to make, not Radiance's.

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS
FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Woulfe*, 2024 WL 1110914, at *7 (citation omitted). "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Id.*

"The customary method of determining reasonable attorneys' fees, including fee awards on anti-SLAPP motions to strike, is known as the 'lodestar' method." *Id.* (citation omitted). This "method involves 'multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* Once the lodestar is calculated, the court may further reduce the fees based on an evaluation of factors "not already subsumed in the initial lodestar calculation." *Sarver v. Hurt Locker, LLC*, 2011 WL 13135126, at *2 (C.D. Cal. Dec. 8, 2011).

## B. Radiance's Flawed Evidentiary Submission Requires that Its Claimed Fees Be Significantly Reduced

As an initial matter, almost all of Radiance's time entries consist of block-billing and/or are so heavily redacted that Uber cannot accurately assess whether they constitute legal work on the anti-SLAPP motion, the fees motion, the motion to dismiss, or other work on this matter. For example:



| 10/9/2025 | 1.4 | Reviewed authorities ▮▮▮ and ▮▮▮; Prepared summaries ▮▮▮; distilled key ▮▮▮ | | 895 | 1253 | Gwendolyn Toczko |

ECF 99-8 at 7.

Radiance's excessive block-billing and redactions made it exceedingly difficult for Uber to accurately assess the legitimacy of Radiance's claimed fees, and is one reason among many that Radiance's fees must be significantly reduced. *See*

*ITN Flix, LLC v. Hinojosa*, 2020 WL 1032344, at \*4 (C.D. Cal. Mar. 2, 2020) (the Ninth Circuit does "not quarrel with the district court's authority to reduce hours that are billed in block format" (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007))).

Although a close and accurate line-by-line apportionment of Radiance's fees is impossible, it is clear that Radiance seeks considerable fees for at least two categories of work that was not reasonably expended on the anti-SLAPP motion:

***(1) Post-November 7, 2025 fees:*** any fees incurred after November 7, 2025, when Uber informed Defendants that it intended to drop the state law claims and amend its complaint, should be cut from the total amount of fees. Courts have held that anti-SLAPP defendants are "not entitled to fees for work performed" after they have been placed "on notice that the operative pleading would be amended, as a matter of … right." *See Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022 WL 1289048, at \*5 (N.D. Cal. Apr. 29, 2022) (denying fees on anti-SLAPP reply brief drafted after counter-defendant knew amended complaint would be filed).

***(2) Motion to dismiss fees:*** Radiance's fees incurred before November 7, 2025 that relate to the motion to dismiss should also be subtracted from the total. While a prevailing anti-SLAPP defendant may, in some cases, be awarded fees related to a motion to dismiss, only fees that are "inextricably intertwined" with the anti-SLAPP motion are recoverable—"i.e., [those that] were incurred for addressing common legal issues." *Garrick v. Freeman Garrick*, 2025 WL 1735732, at \*2 (N.D. Cal. June 23, 2025) (citation modified). The legal issues in Radiance's two briefs were demonstrably different, because the motion to dismiss was chiefly concerned with whether the Complaint's allegations satisfied the Rule 9(b) and 12 pleading standards—a non-issue in the anti-SLAPP motion. *See* ECF 60, 61. The only explicit overlap between the two briefs is found in Section IV(D) of the motion to dismiss, which is a two-sentence section that incorporates by reference certain arguments from Radiance's anti-SLAPP motion. *See* ECF 61 at 33. Two sentences of overlap,

of course, does not amount to "inextricably intertwined" legal issues. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901-02 (9th Cir. 2010) (12(b)(6) and anti-SLAPP were not inextricably intertwined where anti-SLAPP motion "did not necessarily resolve defendant's MTD for failure to state a claim"); *Coulter v. Murrell*, 2010 WL 2775627, at *4 (S.D. Cal. 2010) (similar).

Yet even if the Court were to credit Radiance's assertion that the two motions involved substantially "overlapping legal arguments" (ECF 98 at 26), this begs the question: why did Radiance spend hundreds of thousands of dollars on *both* motions? Logic dictates that overlapping arguments would mean *less work* per brief. Indeed, courts routinely deduct duplicative, overlapping work in their lodestar analyses. *See, e.g.*, *Woulfe*, 2024 WL 1110914, at *13 ("[T]he Court notes that this motion, and Plaintiffs' arguments in opposition to it, were largely duplicative . . . [i]t was not reasonable to expend close to two 40-hour work weeks to prepare a similar motion and to respond to similar arguments opposing that motion."); *In re Santa Clarita, LLC*, 2023 WL 8881861, at *4 (C.D. Cal. Nov. 20, 2023) (reducing 122.4 "duplicative" and "far from reasonable" hours to 20). Thus, either the motion to dismiss fees are not recoverable as a matter of law, or they were unreasonably duplicative of the anti-SLAPP fees—either way they are unrecoverable.

In sum, Radiance seeks $427,409.50 for (1) unnecessary work performed after Uber informed Radiance that it would eliminate the state law claims; (2) block-billed entries inclusive of work unrelated to the anti-SLAPP motion; (3) opaque, redacted time entries; and (4) unrecoverable/duplicative motion to dismiss work. *See* ECF 99-8. Despite the challenges associated with doing so, Uber has diligently attempted to estimate and apportion amounts unrelated to the anti-SLAPP motion or fees motion, (*see* Patashnik Decl., ¶ 3(a), Ex. A), and then reduced that sum by an additional 30% due to Radiance's excessive block-billing. *See Santa Clarita*, 2023 WL 8881861, at *4 (noting that the Ninth Circuit "has approved of block-billing discounts of up to 30%"). Radiance's compensable fees under this calculation total no more than

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

$101,431.10—a total reduction of approximately 76%, which is well within the norm for comparable cases.[6] *See Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1253 (2006) (affirming reduction in anti-SLAPP fees by approximately 80%); *Woulfe*, 2024 WL 1110914, at *10 (reducing fees of $320,477.20 by 80%); *see also, e.g.*, *Santa Clarita*, 2023 WL 8881861, at *5 (reducing fees by 66%); *Fallay v. San Francisco City & County*, 2016 WL 879632, at *5-6 (N.D. Cal. Mar. 8, 2016) (reducing fees by 65%); *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, 2012 WL 12883819, at *4 (C.D. Cal. June 12, 2012) (finding "a 75% downward adjustment in the hours billed to be appropriate").

### C.    Radiance's Claimed Hours Are Patently Unreasonable in Light of Attorney's Fees Awarded in Comparable Anti-SLAPP Motions

Courts must also assess the reasonableness of the number of hours spent on an anti-SLAPP and fees motion. The hours expended must not be "excessive, redundant or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000). Here, Radiance's excessive billing is compounded by an unreasonable number of hours claimed. Radiance's total claimed 470.5 hours far exceed any comparable anti-SLAPP cases where attorney's fees were awarded. For example, *Experian Info. Sols. Inc. v. Stein Saks, PLLC*, 2025 WL 3780654 (C.D. Cal. Apr. 18, 2025), a comparable multi-defendant complex RICO action, the court awarded a reduced fee of $31,958.75 in anti-SLAPP fees, determining that 63.4 hours spent on the anti-SLAPP motion and 9.7 hours on the fee motion were reasonable. *Id.* at *13. Similarly, in *Maughan*, the appellate court affirmed the trial court's decision to reduce $112,288.63 claimed fees to $23,000 after finding that the defendant's claim for over 200 hours was excessive, particularly when defendant's counsel acknowledged that they were experienced experts with regard to the type of

---

[6] $83,176.10 of this figure is attributable to the reductions of the fees claimed on the anti-SLAPP with the remaining $18,255 reflecting a 70% reduction of the claimed $60,850 in additional fees that Radiance estimates that they will incur. Patashnik Decl. ¶ 3(b), Ex. A.

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

litigation involved. 143 Cal. App. 4th at 1251. Accordingly, the court of appeal did not disturb the trial court's conclusion that "a reasonable time spent on [an] [anti-]SLAPP motion and the [fees motion] is … approximately 50 hours or one attorney work week." *Id.* at 1249.

Here, Radiance claims 396.5 hours, spread across three attorneys and three paralegals, as well as an anticipated 74 hours for three attorneys and two paralegals. ECF 98 at 23-24. The hours purely conducted on the anti-SLAPP motion encompassed 66.9 hours of total work and 74 hours were expended on the fees motion. Patashnik Decl. Ex. A. In light of similar cases, the claimed hours are patently unreasonable, reflecting inefficient and redundant processes squandered on a straightforward anti-SLAPP motion that spans a mere 18 pages of substantive analysis and bears little to no overlap with the motion to dismiss. Given Radiance's inability or unwillingness to put forward a realistic estimate of its hours, the Court should deny its motion in full.  The most Radiance should possibly be permitted to claim is 70 hours total, bringing its claimed fees to approximately $58,800.[7] *See Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1318-19 (2008) (finding that trial court's award of $21,300 in attorney's fees was proper and that the court properly reduced a claim of 600 hours to 71 hours where defense counsel's billing entries were vague and block billed and included many time entries devoted to matters other than the motion to strike).

In the alternative, even if the court deems the claimed hours as reasonable, the claimed fees are nevertheless excessive and need to be reduced for the reasons laid out above. Therefore, at most, Radiance's compensable fees total no more than $101,431. For the reasons discussed above, no anti-SLAPP fee award of any kind is

---

[7] This figure assumes a blended average hourly rate of $840, accounting for the average of the attorneys' and paralegals' hourly rate, as claimed in Radiance's Motion. *See* ECF 98 at 23-24.

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

appropriate in this case—but if the Court concludes otherwise, Radiance's fees should be reduced to at least that amount.

## CONCLUSION

Defendants' Motions should be denied.

Case No. 2:25-cv-06612-SPG-PD

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES

Dated: March 23, 2026

**PERKINS COIE LLP**

By: */s/ Oliver M. Gold*

Oliver M. Gold, Cal. Bar No. 279033
OGold@perkinscoie.com
Gillian Kuhlmann, Cal. Bar No. 316241
GKuhlmann@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.202.654.6211

Joshua Patashnik, Cal. Bar No. 295120
JPatashnik@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

David W. T. Daniels, Cal. Bar No. 172791
DDaniels@perkinscoie.com
Michael R. Huston, *pro hac vice*
MHuston@perkinscoie.com
700 Thirteenth Street, NW, Suite 800
Washington, DC 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey, *pro hac vice*
DMassey@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Attorneys for Plaintiff
Uber Technologies, Inc.

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS
FOR DETERMINATION OF PREVAILING PARTY AND ATTORNEYS' FEES