# EXHIBIT A

**PERKINS COIE LLP**
Oliver M. Gold, Cal. Bar No. 279033
OGold@perkinscoie.com
Gillian Kuhlmann, Cal. Bar No. 316241
GKuhlmann@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.202.654.6211

Joshua Patashnik, Cal. Bar No. 295120
JPatashnik@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

David W. T. Daniels, Bar No. 172791
DDaniels@perkinscoie.com
Michael R. Huston, *pro hac vice*
MHuston@perkinscoie.com
700 Thirteenth Street, NW, Suite 800
Washington, DC 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey, *pro hac vice*
DMassey@perkinscoie.com
1155 Avenue of the Americas, 22nd Fl.
New York, NY 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Attorneys for Plaintiff Uber Technologies, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, VALLEY ORTHOPEDIC AND SPINE CENTER D/B/A GSK SPINE; and GREG KHOUNGANIAN, <br><br> Defendants. | Case No. 2:25-cv-06612-SPG-PD <br><br> **PLAINTIFF UBER TECHNOLOGIES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Uber Technologies, Inc. ("Uber") is currently pursuing federal civil RICO actions similar to this one in some other jurisdictions concerning the manufacture of false medical records by corrupt enterprises of attorneys and doctors. One such action is *Uber Technologies Inc., et al. v. Simon & Simon P.C., et al.*, No. 25-cv-5365, pending in the Eastern District of Pennsylvania. Uber respectfully wishes to call this Court's attention to the recent decision of the district court in Simon & Simon denying the defendants' motion to dismiss. *See* ECF No. 99 (May 11, 2026), attached to Plaintiff's Request for Leave to File Notice of Supplemental Authority as Exhibit B. In his well-reasoned decision, Judge Kearney considered and rejected many of the same arguments advanced by Defendants here, including arguments based on the *Noerr-Pennington* doctrine, RICO standing, and other substantive elements of a RICO claim. Judge Kearney's order is thus highly relevant to the pending Motions to Dismiss in this action.

First, the *Simon & Simon* decision explained why defendants' wire and mail fraud related to litigation activity may constitute RICO predicate acts. Ex. B at 27–31. The court sustained Uber's RICO complaint because it alleged a "coordinated, multi-actor scheme spanning dozens of lawsuits over several years, supported by the repeated creation and transmission of materially false medical and billing records." *Id*. at 30–31. Those allegations—which also exist in the complaint in this action— distinguish Uber's civil RICO claim from other cases involving a "single lawsuit supported by allegedly false filings with no broader pattern of fraudulent activity." *Id*. Thus, the court reasoned, "[r]ecognizing liability [in this action] does not risk transforming every unsuccessful lawsuit into a racketeering claim or a retaliatory action." *Id*. at 31. Nor does it risk displacing state-court sanctions for litigation misconduct, because "Uber alleges a systemic mass scheme across numerous cases and actors, for which case-by-case sanctions would not provide a meaningful remedy." *Id*.

Second, Judge Kearney thoroughly dismantled the defendants' *Noerr-Pennington* arguments (*id*. at 8–22), which are similar to those advanced by Defendants here. The court held that "pre-filing conduct," including "the lawyers' direction to the doctors to create false medical records and reports," is neither petitioning activity nor incidental thereto and is not protected by the First Amendment. *Id*. at 11. The court also found that the sham litigation exception is not foreclosed by the fact that some claims were settled by Uber; parties often settle "because of factors independent of the merits, such as … reliance on allegedly fabricated evidence." *Id*. at 16. And the court specifically distinguished (*id*. at 19-22) Judge Court's *Noerr-Pennington* analysis in *Ford Motor Co. v. Knight Law Group*, No. 25-4550, 2025 WL 3306280 (C.D. Cal. Nov. 24, 2025), observing that allegations involving prelitigation communications with third parties or the creation of non-litigation records by medical providers are "materially different" from the Lemon Law attorney billing records in *Ford* given that those fee petitions arise from litigation work after clients prevailed or resolved their claims. The *Simon & Simon* decision explained that, if proven true, Uber's allegations regarding "manufactured medical evidence needed to create, support, and maintain the personal injury actions in the first instance" could "deprive the litigation of legitimacy in a way inflated fee petitions in otherwise viable Lemon Law cases did not." Ex. B at 22.

Third, the *Simon & Simon* decision rejected RICO standing arguments similar to the ones that Defendants raise in this case. Judge Kearney held that first-person reliance is not required for RICO standing and that proximate causation has been plausibly pleaded where a complaint alleges "the lawyers and doctors created and transmitted false records and reports for the purpose of inflating personal injury claims." *Id*. at 35. He observed that "[t]he pleaded injuries," including "defense costs" and "settlement amounts it would not have paid, or would have paid in lower amounts," "flow directly from the alleged scheme." *Id*. at 34–35.

Fourth, the *Simon & Simon* decision rejected the defendants' other arguments

-3-

that Uber's RICO claims were insufficiently pleaded. The court held that Uber's "numerous specific examples identifying the participants in the scheme, the nature of the records, each professional's role, and the mechanism by which the doctors transmitted records through interstate wires" provided "the requisite precision" and "sufficient substantiation to satisfy Rule 9(b)." *Id*. at 26. The court also found that Uber's complaint plausibly alleged the existence of both legal entity and association-in-fact enterprises, rejecting the defendants' "characterization of the allegations as mere referral relationships." *Id*. at 32–33.

Judge Kearney allowed Uber's RICO claims in *Simon & Simon* to proceed to discovery based on a detailed complaint identifying a broad, fraudulent scheme between attorneys and doctors that uses litigation as a tool to extract inflated settlements from Uber (and forces Uber to incur substantial defense costs). The First Amended Complaint in this action similarly pleads precisely such a RICO claim. *Simon & Simon* further demonstrates that Defendants' motions to dismiss here should be denied.

Dated: May 13, 2026

**PERKINS COIE LLP**

By: */s/ Oliver M. Gold*
    Oliver M. Gold, Cal. Bar No. 279033
    OGold@perkinscoie.com
    Gillian Kuhlmann, Cal. Bar No. 316241
    GKuhlmann@perkinscoie.com
    1888 Century Park East, Suite 1700
    Los Angeles, CA 90067-1721
    Telephone: +1.310.788.9900
    Facsimile: +1.202.654.6211

    Joshua Patashnik, Cal. Bar No. 295120
    JPatashnik@perkinscoie.com
    11452 El Camino Real, Suite 300
    San Diego, CA 92130-2080
    Telephone: +1.858.720.5700
    Facsimile: +1.858.720.5799

    David W. T. Daniels
    DDaniels@perkinscoie.com
    Michael R. Huston, *pro hac vice*
    MHuston@perkinscoie.com
    700 Thirteenth Street, NW, Suite 800
    Washington, DC 20005-3960
    Telephone: +1.202.654.6200
    Facsimile: +1.202.654.6211

    David B. Massey, *pro hac vice*
    DMassey@perkinscoie.com
    1155 Avenue of the Americas, 22nd Floor
    New York, NY 10036-2711
    Telephone: +1.212.262.6900
    Facsimile: +1.212.977.1649

Attorneys for Plaintiff
Uber Technologies, Inc.