John C. Hueston
jhueston@hueston.com
Marshall A. Camp
mcamp@hueston.com
Bram M. Alden
balden@hueston.com
Stewart J. Rickert
srickert@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640
Facsimile: (888) 866-4825

*Attorneys for Defendants Jacob Emrani and*
*The Law Offices of Jacob Emrani*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC., | Case No. 2:25-cv-06612-SPG-PD |
| Plaintiff, | **JACOB EMRANI'S AND THE LAW OFFICE OF JACOB EMRANI'S REPLY IN SUPPORT OF THEIR MOTION TO BE DEEMED PREVAILING PARTIES FOR THE PURPOSE OF SEEKING ATTORNEY'S FEES AND COSTS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** |
| v. | |
| DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, VALLEY ORTHOPEDIC AND SPINE CENTER D/B/A GSK SPINE, and GREG KHOUNGANIAN, | |
| Defendants. | |

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .......................................................................................................2

    A.    Fee-Shifting Is Allowed Where a Plaintiff Amends Its Complaint
          Under Federal Rule of Civil Procedure 15 After a Motion to Strike ..2

    B.    Uber Does Not Dispute that Emrani and His Firm Are Prevailing
          Parties ..................................................................................................7

III.  CONCLUSION7

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Conlan v. Reilly*,
2025 WL 4058569 (C.D. Cal. May 16, 2025).................................................................5, 6

*Cousens v. Transamerica Life Ins. Co.*,
2023 WL 3564936 (C.D. Cal. Apr. 18, 2023)...................................................................4

*DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*,
2025 WL 3050090 (C.D. Cal. Sept. 15, 2025)..................................................................4

*eDrop-Off Chicago LLC v. Burke*,
2013 WL 12131186 (C.D. Cal. Aug. 9, 2013) ..................................................................5

*Evans Hotels, LLC v. Unite Here! Local 30*,
2025 WL 17120 (9th Cir. Jan. 2, 2025)......................................................................*passim*

*Garrett v. Hine*,
2022 WL 2067903 (E.D. Cal. June 8, 2022)..................................................................4, 5

*Glickman v. First Am. Fin. Corp.*,
2025 WL 4688514 (C.D. Cal. Sept. 11, 2025)..................................................................4

*Gopher Media LLC v. Melone*,
154 F.4th 696 (9th Cir. 2025) (en banc)........................................................................1, 2

*Gottesman v. Santana*,
263 F. Supp. 3d 1034 (S.D. Cal. 2017) .............................................................................6

*King v. Navy Fed. Credit Union*,
699 F. Supp. 3d 864 (C.D. Cal. 2023)...............................................................................4

*Law Offs. of Bruce Altschuld v. Wilson*,
632 F. App'x 321 (9th Cir. 2015)......................................................................................4

*Mireskandari v. Daily Mail & Gen. Trust PLC*,
2014 WL 12586434 (C.D. Cal. Nov. 7, 2014) ..................................................................5

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) .............................................................................................2

*Nuh Nhuoc Loi v. Scribner*,
671 F. Supp. 2d 1189 (S.D. Cal. 2009) .............................................................................4

-iii-

*Patty v. Bonta*,
   2025 WL 3312658 (N.D. Cal. Nov. 28, 2025)........................................................5

*Rutherford v. Palo Verde Health Care Dist.*,
   2014 WL 12634510 (C.D. Cal. May 13, 2014).................................................3, 5

*Verizon Delaware, Inc. v. Covad Commc'ns. Co.*,
   377 F.3d 1081 (9th Cir. 2004)...............................................................*passim*

*Wiles v. Ford Motor Co.*,
   2024 WL 3305866 (C.D. Cal. Mar. 11, 2024) ......................................................4

**Statutes & Rules**

Cal. Civ. Proc. Code § 425.16(c).......................................................1, 2, 3, 6

Fed. R. Civ. P. 15...............................................................................*passim*

Fed. R. Civ. P. 41.......................................................................................6

Ninth Cir. R. 36-3(a)...................................................................................4

JACOB EMRANI'S AND THE LAW OFFICE OF JACOB EMRANI'S REPLY IN SUPPORT OF THEIR
MOTION TO BE DEEMED ANTI-SLAPP PREVAILING PARTIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In pursuing its retaliatory campaign against lawyers who represent its injury victims, Uber made a very costly error.  It pled meritless state-law causes of action in its initial Complaint, Dkt. 1, forcing defendants, including Jacob Emrani and the Law Offices of Jacob Emrani, to move to dismiss those claims along with the federal ones, Dkt. 65.  Emrani and his Firm coupled their motion to dismiss with a motion to strike Uber's state-law claims under California's anti-SLAPP statute, *id.*, as the Ninth Circuit permits, *see Gopher Media LLC v. Melone*, 154 F.4th 696, 699 n.2 (9th Cir. 2025) (en banc) (declining to reconsider Circuit precedent permitting California anti-SLAPP motions in federal court).  A month after the motions to strike were filed—and while they remained pending—Uber attempted to avoid the consequences of its error by amending its Complaint to remove the state-law claims.  Dkt. 77.  But far from negating the error, Uber's stratagem only simplified its consequences by triggering a presumption that Emrani and his Firm are prevailing parties for anti-SLAPP purposes.  *See* Dkt. 88 ("Motion" or "Mot.") at 1 (citing cases).  Because Uber makes no effort to overcome the presumption, it is dispositive.

Uber's only actual opposition rests on a legal fallacy.  Uber claims that the Ninth Circuit's decision in *Verizon Delaware, Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081 (9th Cir. 2004), permits it—and any other plaintiff—to unilaterally defeat the anti-SLAPP fee-shifting provision by amending its complaint to drop its state-law claims after an anti-SLAPP motion is filed.  *See* Dkt. 106 ("Opposition" or "Opp.") at 1.  Not so.  As the Opposition concedes, *Verizon* did not "squarely address" fee-shifting following amendment.  Opp. 3.  That is because *Verizon* actually had nothing to do with fee-shifting; it dealt with whether claims could be stricken under California Code of Civil Procedure § 425.16 without allowing the plaintiff an opportunity to amend its complaint at all under Federal Rule of Civil Procedure 15(a).  377 F.3d at 1091.  But the Ninth Circuit did squarely address the

-1-

fee-shifting question in *Evans Hotels, LLC v. Unite Here! Local 30*, 2025 WL 17120 (9th Cir. Jan. 2, 2025). Though unpublished, *Evans Hotels* specifically rejected reliance on *Verizon* and explained, instead, that "[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion." *Id.* at *3. That is precisely what happened here.

Any other result would be fundamentally unjust. Uber's approach would permit plaintiffs with limitless resources to file federal lawsuits asserting California causes of action that target constitutionally protected petitioning activity, force the defendant to incur substantial fees briefing a motion to strike under California Code of Civil Procedure § 425.16, and then amend the complaint by dropping the state-law causes of action to avoid attorneys' fees. Defeating the very purpose of the anti-SLAPP statute, Uber would empower itself to chill First Amendment rights with no fee-shifting remedy to thaw the chill.

## II.    ARGUMENT

### A.    Fee-Shifting Is Allowed Where a Plaintiff Amends Its Complaint Under Federal Rule of Civil Procedure 15 After a Motion to Strike

Uber surely wishes the Ninth Circuit had held en banc that California's anti-SLAPP statute does not apply in federal court. That possibility was on the table in *Gopher Media*, but it did not happen. The majority expressly declined to reconsider its holding—now more than 25 years old—that California's anti-SLAPP statute "may properly be applied in federal court," *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999). *Gopher Media*, 154 F.4th at 699 n.2 (declining to reconsider *Newsham*). The *Gopher Media* concurrence—which the Opposition cites seven times, Opp. 4, 7, 8—would have reached the result Uber wants, but the concurrence did not carry the day. Plaintiffs remain unable to evade anti-SLAPP fee-shifting by filing their California causes of action in federal court.

JACOB EMRANI'S AND THE LAW OFFICE OF JACOB EMRANI'S REPLY IN SUPPORT OF THEIR
MOTION TO BE DEEMED ANTI-SLAPP PREVAILING PARTIES

*Verizon* did not address fee-shifting at all. There, the district court deferred consideration of the defendant's anti-SLAPP motion, permitting the plaintiff to file a first amended complaint before determining whether to strike the claims. 377 F.3d at 1091. By affirming that decision, the Ninth Circuit protected the right to amend before a plaintiff's claims *can be dismissed*. "[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id.* But a plaintiff's right to amend before dismissal does not conflict with the defendant's right to recover fees under California's anti-SLAPP statute. The law protects both.

The Opposition hinges on *Verizon*'s subsequent statement that "[i]f the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants," 377 F.3d at 1091. Opp. 1, 3-4, 9. But that dicta was uttered in the context of a dispute regarding dismissal, not a dispute regarding fees, and does not answer the question of whether the anti-SLAPP remedies become *un*available if state-law claims are voluntarily dismissed in an amended complaint.

The Ninth Circuit directly answered that question in *Evans Hotels*. There, the district court "dismissed [the plaintiff's] state law claims with leave to amend, after which the plaintiff "abandoned them by failing to assert them in its third amended complaint." 2025 WL 17120, at *3. The Circuit specifically rejected the plaintiff's reliance on *Verizon*. *Id.* That reliance was "misplaced, as the *Verizon* court did not address whether a defendant may obtain fees and costs under Section 425.16(c) when it seeks to strike an amended complaint." *Id.*; *see also Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12634510, at *5 n.3 (C.D. Cal. May 13, 2014) ("*Verizon* does not hold that attorney's fees cannot be recovered by the moving party when the challenged claims have been dismissed voluntarily."). Rather, "[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion." *Id.*;

- 3 -

*see also Law Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015) ("Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees.").[1]  That is exactly the situation here: Uber abandoned its state-law claims after anti-SLAPP motions were filed. Accordingly, Emrani and his Firm are entitled to fees and costs.

To be sure, *Evans Hotels* is an unpublished decision that is therefore not binding.  Ninth Cir. R. 36-3(a).  But even unpublished decisions have "persuasive" value.  *Wiles v. Ford Motor Co.*, 2024 WL 3305866, at *5 & n.4 (C.D. Cal. Mar. 11, 2024); *King v. Navy Fed. Credit Union*, 699 F. Supp. 3d 864, 869 & n.1 (C.D. Cal. 2023); *Cousens v. Transamerica Life Ins. Co.*, 2023 WL 3564936, at *4 & n.4 (C.D. Cal. Apr. 18, 2023).  And that persuasive value should be enhanced by the fact that *Evans Hotels* directly addressed *Verizon*.  It makes particularly good sense to consider unpublished decisions "as to how the Ninth Circuit has interpreted binding authority that is cited in the unpublished decision." *Glickman v. First Am. Fin. Corp.*, 2025 WL 4688514, at *6 n.1 (C.D. Cal. Sept. 11, 2025); *see also Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1201 n.10 (S.D. Cal. 2009) (unpublished decisions "indicate how the Ninth Circuit applies binding authority").  Since the Ninth Circuit already rejected Uber's interpretation of *Verizon*, it is unlikely to adopt it.

Consistent with that logic, both before and after *Evans Hotels*, district courts have found that defendants may recover their fees where plaintiffs abandon their state-law claims after an anti-SLAPP motion is filed.  For example, in *DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, 2025 WL 3050090 (C.D. Cal. Sept. 15, 2025), the court concluded that the plaintiff was entitled to fees where the defendant withdrew its state-law counterclaims in response to an anti-SLAPP motion.  *Id.* at *10.  The court therefore granted the plaintiff's motion to be deemed a prevailing party.  *Id.* at *11.  Likewise, in *Garrett v. Hine*, 2022 WL 2067903 (E.D. Cal. June

---

[1] Uber does not even mention *Evans Hotels* or *Bruce Altschuld* in its Opposition.

- 4 -

8, 2022), the court granted "defendants' request for the award of attorneys' fees" after plaintiffs sought to "withdraw their state-law claims" in an amended complaint. *Id.* at *8. The Court further ordered that it would set a schedule for supplemental briefing addressing the "reasonable amount of attorneys' fees" to be awarded. *Id.* Other cases have reached similar results. *E.g.*, *Patty v. Bonta*, 2025 WL 3312658, at *2 (N.D. Cal. Nov. 28, 2025) (applying *Evans Hotels* and awarding anti-SLAPP attorneys' fees where plaintiff voluntarily dismissed his complaint after the anti-SLAPP motion); *Mireskandari v. Daily Mail & Gen. Trust PLC*, 2014 WL 12586434, at *6, 8 (C.D. Cal. Nov. 7, 2014) (ruling that defendant was entitled to fees related to five state-law claims that plaintiff abandoned by failing to replead them in his second amended complaint), *aff'd*, 665 F. App'x 570, 571-72 (9th Cir. 2016); *Rutherford*, 2014 WL 12634510, at *1, 8 (awarding fees where defendants filed anti-SLAPP motions, after which plaintiffs sought "leave to amend their complaints in order to dismiss the[] challenged causes of action pursuant to Fed. R. Civ. P. 15(a)). Uber claims that its position is supported by the "overwhelming weight of district court authority" since *Verizon*, Opp. 4, but that is simply not true.

The two cases upon which Uber principally relies, *Conlan v. Reilly*, 2025 WL 4058569 (C.D. Cal. May 16, 2025), and *eDrop-Off Chicago LLC v. Burke*, 2013 WL 12131186 (C.D. Cal. Aug. 9, 2013), amount to little more than dicta by the same district judge. In *Conlan*, before the plaintiff amended its complaint, the district court had issued "an order exploring the question of whether it would maintain supplemental jurisdiction" over the only claim at issue in the anti-SLAPP motion. 2025 WL 4058569, at *1. Had the plaintiff not amended, the court "would have declined supplemental jurisdiction." *Id.* Because the plaintiff's amendment was thus superfluous, the defendant could not be said to have prevailed on its anti-SLAPP motion. And in *eDrop-Off*, the defendant prevailed on its anti-SLAPP motion after the plaintiff amended its complaint, meaning that the court's "ruminations" regarding the unavailability of anti-SLAPP fees in connection with the original complaint were

- 5 -

not actually "necessary to its decision." *Conlan*, 2025 WL 4058569, at *1 n.1. In any event, this Court should follow *Evans Hotels* and the other district court rulings that have correctly safeguarded both a plaintiff's right to amend before its claims are dismissed, *see* Fed. R. Civ. P. 15, and a defendant's right to fees when its First Amendment rights are targeted, Cal. Civ. Proc. Code § 425.16(c).

Uber's approach would also draw a senseless distinction between Rule 15 amendments and Rule 41 dismissals. *See* Opp. 10-11. If there were a "'direct collision'" between Rule 15 and the fee-shifting provision of Cal. Civ. Proc. Code § 425.16(c)—which there is not—there would be the same direct collision between Rule 41 and the fee-shifting provision. *See* Opp. 7 (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001)). A plaintiff could claim that fee-shifting conflicts with voluntary dismissal to the same extent as it does with amendment of the complaint. Worse still, a regime permitting fee-shifting when a plaintiff voluntarily dismisses its action but not when a plaintiff amends its complaint would only clog the courts with gamesmanship. Rather than simply dismiss an action and close the docket, a plaintiff would be incentivized to *first* amend its complaint and only *then* dismiss its action. Take, for example, *Gottesman v. Santana*, 263 F. Supp. 3d 1034 (S.D. Cal. 2017). The plaintiff in that case (like Uber) had the chutzpah to sue attorney defendants, who responded with an anti-SLAPP motion. *Id.* at 1037. The plaintiff then "voluntarily dismissed" the attorneys from the action "under Federal Rule of Civil Procedure 41," after which the district court ruled that they were "prevailing defendants under California's anti-SLAPP statute." *Id.* at 1037, 1043, 1048. By Uber's logic, the plaintiff could have avoided that same result merely by *first* amending his complaint to drop the state-law claims against the attorneys, and *then* dismissing them from the case.[2] The law should not, and does not, choreograph any such two-step fee-evasion dance.

---

[2] Since "[t]he gravamen of Plaintiff's claims" in *Gottesman* related to copyright infringement, 263 F. Supp. 3d at 1037 it would have been easy to add the attorney

**B.      Uber Does Not Dispute that Emrani and His Firm Are Prevailing Parties**

Apart from its categorical, procedural argument that a defendant can never be a prevailing party when the plaintiff amends as of right in response to the defendant's special motion to strike, the Opposition does not dispute that Emrani and his Firm are prevailing parties entitled to fees within the meaning of California's anti-SLAPP statute.  The law presumes they are, and the facts here only reinforce the point.  *See* Mot. 1, 5-7.  That ends the analysis.

## III.      CONCLUSION

This Court should deem the Emrani Defendants to be prevailing parties under California's anti-SLAPP statute and permit them to file a motion enumerating and evidencing their recoverable fees and costs.

Dated:  May 20, 2026                                 HUESTON HENNIGAN LLP


By:  */s/ John C. Hueston*
　　　　John C. Hueston
　　　　Marshall A. Camp
　　　　Bram M. Alden
　　　　Stewart J. Rickert

　　　　*Attorneys for Defendants Jacob Emrani and The Law Offices of Jacob Emrani*

---

defendants to the *federal* counts by amendment before immediately dismissing those same defendants from the case entirely.  In any other action, the plaintiff could amend to swap in any federal claim, however frivolous, and then immediately dismiss it.

- 7 -