Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
John S. Lee (SBN 272229)
*jlee@larsonllp.com*
Amelia L.B. Sargent (SBN 280243)
*asargent@larsonllp.com*
Benjamin Falstein (SBN 342867)
*bfalstein@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant GREG KHOUNGANIAN and VALLEY ORTHOPEDIC AND SPINE CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UBER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOWNTOWN LA LAW GROUP, IGOR FRADKIN, THE LAW OFFICES OF JACOB EMRANI, JACOB EMRANI, VALLEY ORTHOPEDIC AND SPINE CENTER D/B/A GSK SPINE, and GREG KHOUNGANIAN,<br><br>Defendants. | Case No. 2:25-cv-06612-SPG-PD<br><br>**DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY PURSUANT TO CAL. CODE CIV. PROC. § 425.16**<br><br>Date:   June 24, 2026<br>Time:   1:30 p.m.<br>Crtrm.: 5C |

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................1

II.    ARGUMENT ..............................................................................................................2

    A.  The Ninth Circuit Has Expressly Permitted Anti-SLAPP Fee Awards In Connection With a Superseded Complaint ........................................................2

    B.  Uber Identifies No Conflict Between § 425.16(c) and Rule 15(a) ...................5

    C.  Uber's Concession that Fees Are Available After a Rule 41 Dismissal Further Confirms Defendants' Prevailing Party Status ....................................................7

    D.  Absent a Conflict With Rule 15(a), Uber Cannot Contest Defendants' Entitlement to Fees ........................................................................................8

III.   CONCLUSION .........................................................................................................9

LARSON
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arenas v. Shed Media US Inc.*,
   2012 WL 13008443 (C.D. Cal. June 8, 2012)......................................................................6

*Conlan v. Reilly*,
   2025 WL 4058569 (C.D. Cal. May 16, 2025)........................................................................3

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ...............................................................................................................5

*Dean v. Kaiser Found. Health Plan, Inc.*,
   562 F. Supp. 3d 928 (C.D. Cal. 2022) ...................................................................................8

*eDrop-Off Chicago LLC v. Burke*,
   2013 WL 12131186 (C.D. Cal. Aug. 9, 2013).......................................................................3

*Fed. Sav. & Loan Ins. Corp. v. Ferrante*,
   364 F.3d 1037 (9th Cir. 2004) ...............................................................................................5

*Gopher Media LLC v. Melone*,
   154 F.4th 696 (9th Cir. 2025) (Bress, J., concurring) ...........................................................3

*Hamilton v. Wal-Mart Stores, Inc.*,
   39 F.4th 575 (9th Cir. 2022)...................................................................................................5

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
   403 F.3d 683 (9th Cir. 2005) .................................................................................................8

*L. Offs. of Bruce Altschuld v. Wilson*,
   632 F. App'x 321 (9th Cir. 2015)...........................................................................................4

*Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*,
   2013 WL 12123772 (C.D. Cal. Feb. 26, 2013)......................................................................6

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) .................................................................................................5

*Mireskandari v. Mail*,
   2014 WL 12561581 (C.D. Cal. Aug. 4, 2014)........................................................................8

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) ................................................................................2

*Price v. Stossel*,
620 F.3d 992 (9th Cir. 2010) ................................................................................2

*Thomas v. Fry's Elecs., Inc.*,
400 F.3d 1206 ..................................................................................................2, 5

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) ..............................................................................6

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*,
377 F.3d 1081 (9th Cir. 2004) .....................................................................*passim*

*Walker v. State*,
158 F.4th 971 (9th Cir. 2025) ...............................................................................7

**California Statutes**

Cal. Civ. Proc. Code
§ 425.16(c)(1) ...............................................................................................1, 9

**Other Authorities**

Federal Rule of Civil Procedure
Rule 11...................................................................................................................6
Rule 15.........................................................................................................*passim*
Rule 41...........................................................................................................1, 7, 8
Rule 56...................................................................................................................5

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

## I.    INTRODUCTION

Uber's opposition rests entirely on the false premise that Fed. R. Civ. P. 15(a) creates an irreconcilable conflict with the anti-SLAPP statute's fee-shifting provision under Cal. Civ. Proc. Code § 425.16(c)(1).  This untenable contention is refuted by prevailing law, reasoned logic, and basic fairness.

Tellingly, Uber never explains the purported "conflict"—because none exists.  The notion that a fee award would interfere with Uber's right to amend is a straw man figment.  The two are not mutually exclusive.  Dr. Khounganian does not contest that Uber may amend its complaint, and it has in fact done so.

Whether Uber may circumvent the anti-SLAPP fee consequence poses a different question.  It cannot.  Uber misreads the Ninth Circuit's *Verizon* decision, which does not even address the anti-SLAPP fee-shifting provision.  *Verizon* simply holds that a plaintiff cannot be deprived of the right to amend—and Uber has suffered no such deprivation here.

Both before and after *Verizon*, the Ninth Circuit has reaffirmed the availability of anti-SLAPP fee awards in federal court, and declined to find any conflict with the Federal Rules.  Just last year, the Ninth Circuit determined in *Evans Hotels v. Unite Here! Loc. 30* that "[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion."  2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025).  Uber's opposition is unsurprisingly silent on *Evans Hotels*, as it is devastating to the idea that *Verizon* bars anti-SLAPP fees upon amendment.

Uber concedes that anti-SLAPP fees are available upon voluntary dismissal under Rule 41.  There is no principled distinction whatsoever between Rule 41 dismissal and Rule 15(a) in this context.  Much as awarding fees during the former does not stop a Rule 41 dismissal, neither does awarding fees impair Rule 15(a) amendment.  In other words, the absence of a "conflict" with Rule 41 compels the same conclusion as to Rule 15(a).  Deciding otherwise would create an arbitrary

1

loophole inimical to the core function of the anti-SLAPP statute, which is to disincentivize SLAPP lawsuits through the specter of fees.

Uber's reliance on Rule 15(a) is accordingly misplaced.  The correct outcome is to adhere to the statutory mandates of both Rule 15(a) *and* section 425.16(c)(1), rather than construing one to nullify the other.  Uber's self-serving interpretation contravenes canons of statutory construction in a manner that runs counter to the most recent guidance from the Ninth Circuit.  Dr. Khounganian's motion should be granted, and he should be permitted to move for an award of fees incurred in responding to Uber's SLAPP claims.

## II.    ARGUMENT

### A.    The Ninth Circuit Has Expressly Permitted Anti-SLAPP Fee Awards In Connection With a Superseded Complaint

The Ninth Circuit has remained remarkably consistent in declining to find a conflict between the Federal Rules and the anti-SLAPP statute's fee-shifting provision.  *See Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005 ("California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and [] these provisions do not conflict with the Federal Rules of Civil Procedure."); *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010) ("We have repeatedly held that California's anti-SLAPP statute can be invoked by defendants who are in federal court."); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999) ("[T]here is no 'direct collision' here…. The Anti-SLAPP statute[] is crafted to serve an interest not directly addressed by the Federal Rules: the protection of the constitutional rights of freedom of speech and petition for redress of grievances.").

Faced with prevailing authority, Uber conveys a false perception that California's anti-SLAPP fee-shifting provision is on its last legs in federal court.  To do so, Uber misleadingly relies on a *concurrence* reciting out-of-circuit cases, Opp. at 8 (citing *Gopher Media LLC v. Melone*, 154 F.4th 696, 713-15 (9th Cir. 2025)

2

(Bress, J., concurring)), while ignoring that the actual decision expressly *declined* to reconsider "that California's anti-SLAPP statute applies in federal court based on the principles set forth in *Erie*." 154 F.4th at 699 n. 2 (citing *Newsham*, 190 F.3d at 972-73). In fact, *Gopher Media* specifically recognized that the fee-shifting provision continues to apply with full force and effect in federal court. *Id.* at 703, n. 4 ("One way the California Legislature sought to protect the interest of having to defend a meritless action is through the right to recover attorneys' fees, and *our decision today does not affect that protection*.") (emphasis added).

*Verizon* does not support Uber's position. *Verizon* never considered the fee-shifting provision *at all*, as confirmed by later Ninth Circuit decisions affirming the award of attorneys' fees in precisely the same situation presented here. *Evans Hotels*, 2025 WL 17120, at *3. *Verizon* merely held that a conflict with Rule 15(a) would only arise in circumstances where a court "grant[s] a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend." *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). As even Uber concedes, "*Verizon* did not squarely address the question of when anti-SLAPP fees are available in federal court." Opp. at 3.

Uber nevertheless attempts to extend *Verizon's* reasoning by reference to dicta in a pair of district court decisions issued by Judge Wu in *eDrop-Off Chicago LLC v. Burke*, 2013 WL 12131186 (C.D. Cal. Aug. 9, 2013) and *Conlan v. Reilly*, 2025 WL 4058569 (C.D. Cal. May 16, 2025). Judge Wu sought out "hints the Ninth Circuit has given about the availability of … a fee award[] as to a now-superseded version of the complaint," and found they "suggest that this course of action is not available." *eDrop-Off*, 2013 WL 12131186 at *4. He remained committed to "continue to follow what [he] understands is Ninth Circuit precedent on this question." *Id.* at *4, n. 9.

Since *Verizon*, the Ninth Circuit has done more than merely "hint" as to the continued availability of attorneys' fees in connection with a superseded complaint.

3

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

In *L. Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 322 (9th Cir. 2015), the plaintiffs dismissed their complaint before the court ruled on a pending anti-SLAPP motion, and "[n]otwithstanding Plaintiffs' voluntary dismissal, the district court awarded [d]efendants their attorneys' fees and costs." *Id.* Affirming the fee award, the Ninth Circuit held that "[a] defendant that brings an anti-SLAPP motion to strike may 'prevail,' even if the court did not actually grant the motion." *Id.* "Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees." *Id.*

Critically, the Ninth Circuit arrived at the same conclusion in the Rule 15(a) context in *Evans Hotels*, 2025 WL 17120, at *3. As here, the *Evans Hotels* plaintiff filed an amended complaint that removed the offending SLAPP claims. The court held that, "when a plaintiff dismisses his or her complaint while the defendant's special motion to strike is pending, courts . . . retain jurisdiction to award fees and costs." *Id.* (citing *Ross v. Seyfarth Shaw LLP*, 314 Cal. Rptr. 3d 549, 557 (Cal. Ct. App. 2023)).

In fact, *Evans Hotels* squarely rejected Uber's very argument here that *Verizon* forecloses anti-SLAPP fees upon Rule 15(a) amendment. The Ninth Circuit explained that "Evans' reliance on *Verizon* [] is misplaced, as the *Verizon* court did not address whether a defendant may obtain fees and costs under § 425.16(c) when it seeks to strike an amended complaint." *Id.*

*Evans Hotels* confirms what should be obvious from the *Verizon* decision—a plaintiff's right to amend under Rule 15(a) has no bearing on a defendant's entitlement to fees for SLAPP claims in an earlier complaint. Unsurprisingly, a majority of courts have awarded fees on similar facts without addressing *Verizon's* discussion of a potential conflict under Rule 15(a). These cases are entirely consistent with the Ninth Circuit's long-held recognition that "California anti-SLAPP motions to strike and entitlement to fees and costs … do not conflict with

4

the Federal Rules of Civil Procedure." *Thomas*, 400 F.3d at 1206-07.

### B.    Uber Identifies No Conflict Between § 425.16(c) and Rule 15(a)

Uber's opposition does not and cannot explain how the anti-SLAPP statute's fee-shifting provision could conceivably conflict with Rule 15(a). Uber offers no analysis of § 425.16(c) under the *Erie* doctrine, which requires a showing that an award of anti-SLAPP fees would result in interference with Uber's right to amend. Uber's silence points to the obvious truth: if the Court awards anti-SLAPP fees here, there is no impact whatsoever on Uber's Rule 15(a) amendment. The amended complaint remains unaffected, and no challenge to any claim could arise from the fee award. In short, the notion of a "conflict" is pure fiction.

For there to be an *Erie* conflict, the fee-shifting provision must "result in a direct collision" with Rule 15(a). *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001). "In contrast, if the federal and state rules can be reconciled, then they do not qualify as in conflict and the court's *Erie* analysis ends." *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 585 (9th Cir. 2022) (citation omitted). By way of illustration, in the anti-SLAPP context, striking a plaintiff's complaint without leave to amend would certainly collide with Rule 15(a)'s liberal amendment policy. *See Verizon*, 377 F.3d at 1091. Similarly, the anti-SLAPP discovery stay under § 425.16(g) is irreconcilable with Rule 56's authorization of discovery in circumstances "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife*, 264 F.3d at 846.

The inverse is true when it comes to fees. The Ninth Circuit has explained that "ancillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation." *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004). As the Supreme Court has recognized, "motions for costs or attorney's fees are *independent* proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (citation omitted). A fee motion

is thus necessarily impotent to impair a Rule 15(a) amendment because it is collateral to the underlying litigation.  Uber never argues otherwise.  Indeed, there is no material distinction between a fee award in this circumstance and a Rule 11 sanction for a frivolous pleading that permits leave to amend to remove offending content.  *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361 (9th Cir. 1990) (affirming district court's dismissal of complaint with leave to amend while simultaneously imposing sanctions for frivolous allegation).

The collateral nature of fee disputes further divorces the Ninth Circuit's *Verizon* analysis from the anti-SLAPP statute's fee shifting provision.  The court explained that "the purpose of the anti-SLAPP statute . . . would still be served if plaintiffs eliminated the offending claims from their original complaint," and that "[i]f the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Verizon*, 377 F.3d at 1091.  This simply recognized that, by granting leave to amend, a defendant would still benefit from anti-SLAPP protection because, either the plaintiff would eliminate the offending claims, or the defendant could bring a successive motion to strike.  The preservation of the ability to bring an additional motion to strike plainly has no bearing on the *collateral* entitlement to anti-SLAPP fees.  *See Arenas v. Shed Media US Inc.*, 2012 WL 13008443, at *1 (C.D. Cal. June 8, 2012) ("[*Verizon*] did not hold that fees are unavailable for a successful anti-SLAPP motion to strike merely because the potential for amendment remains.  Rather, it found that the district court had acted within its discretion by deferring consideration of the special motion to strike the original complaint pending receipt of the first amended complaint.").

The compatibility between § 425.16(c) and Rule 15(a) is reinforced in *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*, 2013 WL 12123772, at *12 (C.D. Cal. Feb. 26, 2013), where the court granted the plaintiff's motion to strike the defendant's counterclaims.  In so doing, however, the court recognized "that granting the anti-SLAPP motion to strike could conflict with Federal Rule of Civil

6

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

Procedure 15, which freely grants leave to amend." *Id.* (citing *Verizon*, 377 F.3d at 1091).  The court explained that "it is appropriate to grant leave to amend in conjunction with granting a motion to strike" and therefore permitted the defendant to amend its counterclaims, subject to the caveat that "if the offending claims remain, the anti-SLAPP remedies remain available."  *Id.*  Nevertheless, at the same time, the court "directed [the plaintiff] to submit a motion for attorneys' fees reasonably incurred in connection with its anti-SLAPP motion."  *Id.*

Accordingly, a conflict can only exist if leave to amend is denied.  That possibility has already been eliminated here because Uber has successfully filed a Rule 15(a) amendment.  That rule thus offers no shield to the statutory fee consequence of bringing meritless state-law claims in the first instance.[1]

**C.    Uber's Concession that Fees Are Available After a Rule 41 Dismissal Further Confirms Defendants' Prevailing Party Status**

Uber concedes, as it must, that "[a] voluntary dismissal filed prior to an anti-SLAPP motion being heard does not preclude a later award of attorney's fees." Opp. at 11 (citing *Monteleone v. Goldberg*, 2025 WL 3773035 (C.D. Cal. Dec. 16, 2025)).  Uber, however, baselessly contends this applies only to Rule 41 dismissals, rather than Rule15(a) amendments that abandon claims.  *Id.* at 10.  This is a distinction without a difference.

"[A] Rule 15 amendment eliminating a claim effectively dismisse[s] that claim without prejudice."  *Walker v. State*, 158 F.4th 971, 983 (9th Cir. 2025) (citing *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 886 (9th Cir. 2003)).

---

[1] Furthermore, the liberal amendment policy discussed in *Verizon* comes from Rule 15(a)(2)'s instruction that "[t]he court should freely give leave when justice so requires."  In contrast, Uber never sought leave to amend and instead filed an as-of-right amendment under Rule 15(a)(1), further removing any possible conflict here. Indeed, in each case cited by Uber where the court declined fees, the court had already granted leave to amend.  *See* Opp. at 5-6 (collecting cases).

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

"The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Indeed, when a plaintiff purports to dismiss certain claims under Rule 41 without dismissing the action as a whole, courts will treat it as a Rule 15(a) amendment. *See Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 931 (C.D. Cal. 2022) ("Plaintiffs invoked the incorrect rule; dismissal of claims is governed by Rule 15, not Rule 41. Nonetheless . . . the Court construes Plaintiffs' filing as having effected a voluntary amendment of the Complaint to withdraw the 'dismissed' claims from their pleading.")

There is thus no operative difference between Rule 41 and Rule 15(a) for purposes of fee entitlement. *See Evans Hotels, LLC*, 2025 WL 17120, at *3 (explaining that "a plaintiff abandon[ing] its claims after the defendant files an anti-SLAPP motion" is "analogous" to a plaintiff's voluntary dismissal). Since Uber concedes fees remain available following a voluntary dismissal, the same result follows a Rule 15(a) amendment. Otherwise, any plaintiff could game the fee-shifting provision simply by dropping claims under Rule 15(a), only to immediately file a Rule 41 voluntary dismissal. Uber's effort to manufacture a distinction between these procedural devices lacks support in the Federal Rules, case law, or common sense.

### D. Absent a Conflict With Rule 15(a), Uber Cannot Contest Defendants' Entitlement to Fees

Stripped of the nonexistent Rule 15(a) conflict, Uber does not even address the firmly-established principle that a plaintiff's abandonment of claims during the pendency of an anti-SLAPP motion to strike "gives rise to a presumption that the defendant is the prevailing party." *Mireskandari v. Mail*, 2014 WL 12561581, at *5 (C.D. Cal. Aug. 4, 2014); *see also id.* at *6 ("Federal courts have generally followed *Coltrain*, which provides a pragmatic approach to avoid the inappropriate

8

... waste of scarce judicial resources to determine who would have won a voluntarily dismissed action.") (citation omitted).  That presumption is wholly unrebutted by Uber, which accordingly concedes Dr. Khounganian's prevailing party status under § 425.16(c).

## III.    CONCLUSION

For these reasons, Dr. Khounganian respectfully requests that the Court enter an order determining him to be the prevailing party on his anti-SLAPP motion and permit Dr. Khounganian to submit a motion seeking an award of the fees and costs that he reasonably incurred in bringing his anti-SLAPP motion pursuant to Cal. Civ. Proc. Code § 425.16(c)(1).

Dated:  May 20, 2026                    LARSON LLP


By:     _/s/ John S. Lee_____
            John S. Lee
            Amelia L.B. Sargent
            Benjamin Falstein
        Attorneys for Defendant GREG KHOUNGANIAN

LARSON
LOS ANGELES

DEFENDANT GREG KHOUNGANIAN'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF PREVAILING PARTY

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Greg Khounganian certifies that this brief contains 9 pages, which complies with the page limit set forth in the Court's January 6, 2026 Order Granting Joint Stipulation To Set Page Limits for Briefs Related to Motions to Dismiss. Dkt. 85 at 2.

Dated:  May 20, 2026              LARSON LLP

                                 By:  _/s/ John S. Lee_
                                      Stephen G. Larson
                                      John S. Lee
                                      Amelia L.B. Sargent
                                      Benjamin Falstein
                                 Attorneys for Defendants Greg Khounganian
                                 and Valley Orthopedic and Spine Center

LARSON
LOS ANGELES

10